## Jagodzinski Adoption Case.

512

Argued May 25, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Joseph J. Lee,* for appellant.

*Allen H. Smith,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 12, 1971:

These appeals raise the question of whether or not a father has voluntarily abandoned his two minor children so as to permit their adoption without his written consent.

Appellant Walter Jagodzinski and his wife, Barbara, had two children born to them prior to the divorce decree which she obtained in Nevada in 1966. The divorce decree awarded exclusive custody of the children to Barbara "subject to defendant's right of reasonable visitation at all times and subject to defendant's right to have the custody during two (2) months of each Summer vacation and on alternate Christmases and Easters." The decree also provided that support and maintenance for the children was to be paid by appellant at the rate of $50 per month per child. Although the payments were made through June of 1967, they

were thereafter discontinued by appellant until September of 1970.

In July of 1967, appellant sought a writ of habeas corpus in the Court of Common Pleas of Westmoreland County, Pennsylvania (the mother having returned to and lived in Westmoreland County, Pennsylvania, with the children), seeking to have that Court grant him the visitation rights awarded him by the Nevada divorce decree. A stipulated decree was entered by the Westmoreland County Court, providing as follows: "The said Barbara Louise Jagodzinski is hereby directed to take the aforesaid minor children, Pamela Ann Jagodzinski and Michael Allen Jagodzinski to the home of their father, Walter M. Jagodzinski in Las Vegas, Nevada and to provide complete visitation privileges from July 12, 1967 to August 1, 1967. The said Walter M. Jagodzinski is to provide and make available for the said Barbara Louise Jagodzinski and the said minor children, his home located in Las Vegas, Nevada, during said period of time. During this time, Walter M. Jagodzinski is to remove himself from said home and live elsewhere."

Complying with this decree, Barbara took the two children to Las Vegas. However, a quarrel developed when appellant violated the decree by sleeping in the house while Barbara and the children were living there. Barbara then returned to Pennsylvania with the children. Upon arriving home, she sent appellant a telegram informing him of her return.

Approximately one year after this Las Vegas trip, Barbara and the children moved to York, Pennsylvania. However, Barbara's parents continued to reside in the same home which Barbara and the children had before they moved to York. Barbara's mother testified that Barbara's Westmoreland County address and telephone had remained unchanged, and that there had

been no communications or inquiries whatsoever from the appellant since July of 1967. She further testified that all of Barbara's mail was forwarded to York.

Barbara remarried in July of 1968. On August 12, 1970, she and her new husband petitioned the Court of Common Pleas of York County for the adoption of her two children. On December 11, 1970, that Court entered decrees granting the adoption. Appellant, the father, then took this appeal.

Section 2(c) of the Adoption Act of April 4, 1925, P. L. 127, as amended, 1 P.S. §2(c), provides that the consent of the natural parents of the person proposed to be adopted is required, except that of a parent who has abandoned the child for a period of at least six months. Abandonment is defined in Section 1(a) of the Act as follows: " 'Abandonment' means conduct on the part of a parent which evidences a settled purpose of relinquishing parental claim to the child and of refusing or failing to perform parental duties."

Appellant relies on our decision in *Hangartner Adoption Case*, 407 Pa. 601, 181 A. 2d 280. We there held that there had been no abandonment by a father within the meaning of Section 1(a) where the mother takes the child from the common domicile and executes a studied and settled plan to conceal and hide the whereabouts of the child from the father.

We believe that *Hangartner*, 407 Pa., supra, is clearly distinguishable. In the instant case, the lower Court concluded, and we agree, that from the facts before it, "it is crystal clear that for a period of at least two and a half years, until he received notice of pending adoption proceedings, this father displayed no interest whatsoever in his children save two greeting cards." While it is true that appellant's wife did not inform him of her moving to York or her remarriage, there is nothing to prove or even indicate that he had inquired

about Barbara or their children, or that even if he had, he would not have been informed of their whereabouts.

As we pertinently said in *Smith Adoption Case,* 412 Pa. 501, 194 A. 2d 919 (page 505) : "The parental obligation is a positive duty and requires affirmative performance which may not be delayed beyond the statutory period by the parent if the parental right is not to be forfeited." This parental duty has not been met by this appellant, and no adequate explanation or justification was given for his failure.

We find no abuse of discretion or error of law in the decrees of the lower Court.

Decrees affirmed; each party to pay own costs.