340 A.2d 429

**In re WERTMAN ESTATE.**

**Appeal of Lillian H. WERLEY.**

Supreme Court of Pennsylvania.

Argued Jan. 17, 1975.

Decided July 7, 1975.

Edward N. Cahn, Thomas F. Traud, Jr., Allentown, for appellant.

Thomas E. Weaver, Jr., Weaver, Weaver & Weaver, Catasauqua, for appellees, John J. Trexler and Blanche I. Trexler.

Before JONES, Chief Justice, and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

Ida Wertman died testate on October 3, 1965. By her duly probated will, she specifically devised to the appellant, her daughter, the realty which concerns us here.

The appellees, as optionees, petitioned the Orphans' Court for the specific performance of an option to purchase the property [1] which the testatrix had allegedly entered into several years earlier. The option agreement was dated January 17, 1957, eight and one-half years before the testatrix's death and seven years before the execution of the will which devised the realty to appellant.

After a hearing the chancellor entered a decree nisi granting the petitioned relief. The decree was made final after appellant's exceptions were filed and denied. This appeal followed.

■ Appellant first challenges the determination of the genuineness of the testatrix's signature on the option agreement. Although the circumstances surrounding the execution of the option agreement were somewhat unusual [2] and although appellant presented expert testimony contrary to the chancellor's finding, there was direct, eyewitness evidence presented by the appellees which would justify the chancellor's determination. It is well-settled that any finding supported by evidence of record is entitled to the same weight given a jury verdict, and the finding must be sustained unless the court abused its discretion or committed an error of law. *See, e. g., Button Estate*, 459 Pa. 234, 328 A.2d 480 (1974); *Smith Estate*, 454 Pa. 534, 314 A.2d 21 (1974); *Masciantonio Estate*, 392 Pa. 362, 141 A.2d 362 (1958).

■ Here, Robert Doll, Esquire, a member of the Lehigh County Bar, testified as a witness for the appellees. He stated that he had witnessed the signing by three of

1. Probate, Estate and Fiduciaries Code of 1972, Act of June 30, 1972 P.L. 508, No. 164, Section 3390(a), 20 Pa. S. § 3390(a), reenacting and renumbering Section 620 of the Fiduciaries Act of April 18, 1949, P.L. 512, 20 P.S. § 320.620(a).

2. For example, the document was not acknowledged; there were no subscribing witnesses (although Robert Doll, Esquire, was present); the jurat was signed and sealed by a notary not qualified to act as such in Lehigh County; the Wertmans apparently retained no copies of the agreement.

the four parties to the option agreement, the only exception being one of the optionees. That testimony, if believed, as it obviously was, sufficiently supports the chancellor's finding that the signature of the testatrix was genuine.

The second issue presented by the appellant also concerns the testimony of Attorney Doll. The appellees were represented before the chancellor by a law partner of Mr. Doll. Disciplinary Rule 5–102 provides that representation of a client should cease when it becomes obvious that a lawyer in his firm will be called as a witness.[3] Appellant contends that the violation of this Rule should preclude the consideration of Attorney Doll's testimony as substantive evidence. However, we need not consider the merits of this contention as no objection to Mr. Doll's testimony was made by the appellant at the hearing. She failed, therefore, to properly preserve the issue for appellate review. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).[4]

We reaffirm the condemnation expressed in *Kraynick*.

Appellant asserts in her final argument that the extraordinary remedy of specific performance should not have been granted due to the unusual facts in this case. Section 3390 of the Probate, Estate and Fiduciaries Code of 1972, 20 Pa. S. § 3390 (which re-enacted and renumbered Section 620 of the Fiduciaries Act of 1949, P.L. 512), permits a court in its discretion to order the specif-

3. "DR 5–102 Withdrawal as Counsel When the Lawyer Becomes a Witness

(A) If, after undertaking employment in contemplated or pending litigation a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial . . .."

4. In *Kraynick v. Hertz*, 443 Pa. 105, 109 n. 2, 277 A.2d 144, 146 n. 2 (1971), an appeal also arising from Lehigh County, we condemned a similar violation of Disciplinary Rule 5–102. The potential for abuse in such situations is obvious; conflicts of this nature must be scrupulously avoided by the members of the bar.

ic performance of a legally binding agreement for the sale of property. Having once concluded the agreement to be genuine, the Orphans' Court could properly mandate the specific performance of the option agreement. *Cf. Brown Estate,* 446 Pa. 401, 289 A.2d 77 (1972); *Portnoy v. Brown,* 430 Pa. 401, 243 A.2d 444 (1968); *Payne v. Clark,* 409 Pa. 557, 187 A.2d 769 (1963).

Decree affirmed. Costs on appellant.