IN RE THE ADOPTION OF BEVERLY LANETTE THORNTON, BARBARA LOGGINS *v.* ELMER THORNTON, BETTY A. THORNTON.

[No. 3-1175A242. Filed December 9, 1976.]

*William H. Deniston,* of Rochester, *William L. Fortin, Stevens, Wampler, Travis & Fortin,* of Plymouth, for appellant.

*Frederick E. Rakestraw, Brown, Brown & Rakestraw,* of Rochester, for appellees.

HOFFMAN, J.—Appellant Barbara Loggins appeals from the judgment of the trial court terminating her parental rights to the child Beverly Lanette Thornton and conferring the custody of such child upon the Fulton County Department of Public Welfare with the authority to place said child for adoption.

The evidence and reasonable inferences most favorable to appellees disclose that on January 11, 1973, the child Beverly Lanette Thornton was taken from the custody of appellant by order of the Probate Court of Anoka County, Minnesota. The appellees were contacted by the Anoka County, Minnesota, welfare authorities concerning the child and visited the child in September, 1973. There were later inquiries as to appellees' taking custody of the child, a home study was made, and on January 7, 1974, appellees obtained custody of the child from the Anoka County Welfare Department.

The Anoka County Welfare Department had also contacted the Fulton County Welfare Department to ask that Department to take "wardship and supervision of the placement."

On January 25, 1974, the Fulton County Welfare Department filed a petition for wardship of the child, and, on that same date was awarded temporary wardship. The final order granting wardship on the petition was rendered on February 11, 1974.

On January 24, 1975, appellees filed a petition for the adoption of Beverly Lanette Thornton and a petition to terminate the parental rights of appellant. It is this latter petition which is the subject-matter of this appeal.

There was testimony at the hearing that appellant has not seen her child since it was placed in appellees' home. Appellant herself testified that she did not contact appellees, or their attorney, or the Welfare Department to inquire as to whether she could see Beverly. Moreover, appellant admitted she never wrote to Beverly and that she had not directly mailed anything to or called her daughter. The only communication appellant had with her daughter was a birthday card which appellant had sent to her mother Vivian Kline and which Mrs. Kline had given to Beverly.

The trial court found, *inter alia,* that "for a period of the last one year prior to the filing of the Petition to Terminate Parental Rights, said Barbara Loggins failed, without justifiable cause, to communicate significantly with said Beverly Lanette Thornton, her daughter, although she was able to do so, and that said Barbara Loggins did not make any attempt to see said child in person, to communicate with her by telephone, or to communicate with her by mail during any of said time, although able to do so."

On appeal appellant contends that the judgment of the trial court terminating her parental rights is contrary to law, that the trial court erred in the admission and exclusion of certain evidence, and that the trial court erred in failing to grant appellant's motion to dismiss.

Appellant first contends that her failure to communicate with her daughter was justified because it was not shown that

appellant was *able* to communicate. She asserts that the child was taken away from her involuntarily in Minnesota, and that due to certain irregularities in the subsequent proceedings, she did not know of her daughter's whereabouts until March, 1974. However, Vivian Kline, appellant's mother, testified that the attorney which appellant had retained to set aside the Minnesota proceedings informed her on or about January 10, 1974, that Beverly was being released to the custody of appellees. Moreover both appellant's mother and father knew the whereabouts of appellant at all times. Thus, while appellant may not have known where her daughter was until March, 1974, there is nothing to indicate that she had inquired about the child or that if she had, she would not have been informed of the child's whereabouts. *See, In Re Adoption of Jagodzinski* (1971), 444 Pa. 511, 281 A.2d 868. Finally it should be noted that appellant had no substantial communication with her daughter upon learning of the child's whereabouts.

Appellant next contends that her filing of a writ of habeas corpus[1] upon learning of the child's whereabouts as well as her involvement in other lawsuits dealing with the child's custody constitute a substantial and significant effort to communicate with her daughter. IC 1971, 31-3-1-6 (Burns Code Ed.), provides, in part, as follows:

"(g)  Consent to adoption is not required of:

"(1)  * * * a parent of a child in the custody of another person, if for a period of at least one [1] year he fails without justifiable cause, to communicate significantly with the child when able to do so or he wilfully fails to provide for the care and support of the child when able to do so as required by law or judicial decree * * *."

Such statute contemplates communication with the child itself and not merely involvement in litigation relating to the child's custody. The participation in such litigation would be

1. The habeas corpus proceeding was subsequently dismissed for failure to prosecute pursuant to Indiana Rules of Procedure, Trial Rule 41(E).

relevant where, for example, the persons having custody of such child actively prevented the parent from communicating with the child. However, as hereinabove stated, appellant made no attempt to communicate with her daughter. Thus the mere participation in litigation involving the custody of the child is not sufficient justification in the case at bar to excuse appellant's failure to communicate with her daughter.

IC 1971, 31-3-1-6(g)(1), *supra,* allows the adoption of a child without its parents' consent when the parent either fails to communicate significantly with the child or wilfully fails to provide for the care and support of the child. These are two distinct grounds for terminating parental rights to a child in the custody of another person and, therefore, appellant's contentions regarding the adequacy of social security payments to support the child are not pertinent to the issue under consideration.

Appellant's second assertion of error challenges the admission and exclusion of certain evidence. During the course of the hearing, the court generally limited the evidence to the issue of whether there was any significant communication between appellant and her child. Relying on *In Re Adoption of Anonymous* (1973), 158 Ind. App. 238, 302 N.E.2d 507, appellant agrees on appeal that the best interests of a child do not become an issue until the acts of relinquishment by the parent(s) have been first established. Appellant's point of attack focuses upon an asserted inconsistency by the trial court in ruling on the admissibility of certain evidence. More specifically appellant asserts that under the guise of impeachment the trial court admitted testimony on such issue during cross-examination of appellant and during appellees' rebuttal. It is well-established that an item of evidence may be admissible when offered for one purpose yet inadmissible when offered for another purpose. There is no indication that such evidence was considered by the trial court for any improper purpose. Moreover, it is

presumed in a cause tried to the court that the trial judge will consider only the properly admissible evidence in arriving at his decision and disregard any improper evidence. *Bechert v. Lehe* (1974), 161 Ind. App. 454, 316 N.E.2d 394; *City of Indianapolis, Dept. of Transp. v. Medenwald* (1973), 158 Ind. App. 128, 301 N.E.2d 795.

Appellant finally contends that the trial court erred in failing to grant her motion to dismiss. At the commencement of the hearing on appellees' petition to terminate parental rights, appellant filed a motion to dismiss the petition for adoption on the ground that Barbara Loggins was the natural mother of Beverly Lanette Thornton and that she did not consent to the adoption of such child. However, the purpose of the proceeding to terminate parental rights was to determine whether such consent would be a necessary precondition to an adoption. Consequently, the trial court did not err in overruling appellant's motion to dismiss.

Having found no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Garrard, J., concurs; Staton, P.J., concurs with opinion.

## CONCURRING OPINION

STATON, P.J.—I concur. The mere filing of a writ of habeas corpus can never be considered a significant communication under IC 1971, 31-3-1-6 (Burns Code Ed.). The Indiana Legislature intended a more personal and direct communication with the child. Under some unusual fact situations, indirect communication or communication through a third party may be significant, but action in the courts to obtain custody is not an intended statutory communication. If, as suggested by the majority opinion, ". . . the person having custody of such child actively prevented the parent from communicating with the child. . . .", this would constitute justifiable cause under the statute.

Under the present statute, the communication standard has an optional feature. The level of communication must be significant or more than "token efforts" on the part of the parent to communicate with the child. See IC 1971, 31-3-1-6 (Burns Supp. 1976).

NOTE.—Reported at 358 N.E.2d 157.