HAZEL ROSELL, IN THE CASE OF: PETITIONERS: CATHERINE E. DAUSMAN AND STANLEY A. DAUSMAN, TO ADOPT: CHARLES A. DAUSMAN AND JEFFERY L. DAUSMAN

[No. 3-476A101. Filed March 7, 1978.]

*Richard L. Hill, Marcia K. Sowles, John R. Bulger, Legal Aid Society of St. Joseph County, Inc.*, of South Bend, for appellant.

*Albert L. Doyle*, of Mishawaka, for appellee.

STATON, P.J.—After Stanley A. Dausman was granted a divorce from his first wife, Hazel Rosell, he was granted the custody of his two minor sons, Charles and Jeffery. Later, Stanley A. Dausman remarried. His second wife, Katherine E. Dausman, petitioned the court to adopt the two minor sons. Stanley gave his consent to the adoption, but his first wife, the natural mother, refused to give her consent to the adoption. The second wife's petition to adopt the two minor sons was granted[1] by the trial court in spite of the natural mother's lack of consent, and the natural mother appeals.

We affirm.

---

1. "NOW, THEREFORE, IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that HAZEL DAUSMAN (ROSELL), the natural mother of said children, has abandoned and deserted said children for more than six (6) months prior to the filing of the petition herein, has failed for a period of

# I.

## Is Consent Required?

IC 1971, 31-3-1-6(g) (Burns Supp. 1976) provides in pertinent part that,

"(g) Consent to adoption is not required of:

(1) a parent or parents if the child is adjudged to have been abandoned or deserted for six [6] months or more immediately preceding the date of the filing of the petition; or a parent of a child in the custody of another person, if for a period of at least one [1] year he fails without justifiable cause, to communicate significantly with the child when able to do so or he wilfully fails to provide for the care and support of the child when able to do so as required by law or judicial decree, or if the parent or parents have made only token efforts to support or to communicate with the child, the court may declare the child abandoned by the parent or parents; . . ."[2]

Rosell argues that since she was in communication with the children during the year immediately preceding the filing of the petition for adoption, her consent was necessary for the granting of the adoption.[3]

Since the trial court found that Rosell failed to communicate significantly with the children, her argument that the relevant time period is one year immediately preceding the filing of the petition is immaterial herein. When the child is in the custody of another person, as is the case with Jeffery and Charles, the statute clearly indicates that "if for a period of at least one year he [non-custodial

---

at least one (1) year, without justifiable cause, to communicate significantly with the children, or either of them, when able to do so, has contributed nothing to the general well-being of said children, and has made no effort to contact said children in any manner for the purpose of visitation or to determine the state of health and welfare of said children; that, therefore, the consent of the said natural mother of said children, HAZEL DAUSMAN (ROSELL) is hereby ordered dispensed with."

2. This section as quoted is the current law on requirements of consent. Prior to the enactment of Acts 1975, Public Law 295, § 1, which had an effective date of May 30, 1975, the statute ended after the word "decree." Since the Dausmans filed their petition prior to the 1975 amendment, the portion following the word "decree" is not applicable to the instant appeal.

3. The language in the judgment which speaks of abandonment was unnecessary to the legality of the judgment, and we regard it as surplusage.

parent] fails without justifiable cause, to communicate significantly with the child when able to do so . . ." consent to adoption is not required of that non-custodial parent. The court specifically found that Rosell did not communicate significantly with the children for at least one year, was able to do so, and contributed nothing to their general well-being.

The record discloses that Rosell visited the children intermittently between the date of the divorce decree (April 10, 1970) and the date of the filing of the petition (April 21, 1975). There was evidence that from January 26, 1973, to August 28, 1974, a period of over eighteen months (1-½ years), she failed to have any contact with the children at all. Under the statutory guidelines, Rosell's consent was unncessary for a valid adoption to take place.[4]

Rosell testified concerning trouble she allegedly encountered in picking up the children and argues that she should not be faulted for not communicating with the children when she was not "able to do so." However, the trial court also heard evidence which indicated that Rosell had not been *prevented* from communicating and that for the period of eighteen months in which there was no communication, there were no telephone calls, no birthday cards, no Christmas cards, — only "complete silence."

On appeal, we will not weigh the evidence or assess the credibility of witnesses. *Matter of Adoption of Lockmondy* (1976), 168 Ind. App. 563, 343 N.E.2d 793. We will consider only the evidence most favorable to the appellee together with any reasonable inferences which may be drawn therefrom to

4. Rosell relies upon *Matter of Adoption of Lockmondy* (1976), 168 Ind. App. 563, 343 N.E.2d 793, to substantiate her claim that *the* applicable one year period is that one year period immediately preceding the filing of the petition for adoption. The one year period in *Lockmondy* did occur immediately preceding the filing of the petition for adoption. However, nothing in that decision narrows the statute so that the one year period *must* immediately precede the filing. Such a narrowing would have been incorrect. The statute expressly provides two circumstances in which a court may dispense with consent: when the child has been abandoned and when a non-custodial parent fails to communicate. The two circumstances merit different time considerations. A statute unambiguous on its fact cannot be interpreted by this Court. *Economy Oil Corp. v. Indiana Dept. of State Revenue* (1974), 162 Ind. App. 658, 321 N.E.2d 215.

determine whether the decision is sustained by sufficient evidence within the standard of proof required by law. *Horlock v. Oglesby et al.* (1967), 249 Ind. 251, 231 N.E.2d 810. The court heard clear, cogent, and indubitable evidence that there was a period of at least one year in which Rosell failed to communicate with her children. The trial court did not err in dispensing with her consent.

## II.

### What is "Significant" Communication?

Katherine Dausman and Stanley Dausman filed their petition for the adoption of Charles and Jeffery on April 21, 1975. Immediately preceding that filing, a period of over seven months had elapsed since Rosell's last communication with the children (on September 15, 1974). Rosell had visited the children on August 28, 1974, September 8, 1974, and September 15, 1974. Before those visits, the eighteen month period of non-communication had occurred. Rosell, in arguing that the statute should be construed so as to require a full year's non-communication immediately prior to the filing of the petition for adoption, asserts that to construe the statute otherwise is to discourage non-custodial parents from reestablishing contacts with their children. She points to the fact that she had begun visits again in August of 1974.

Rosell fails to acknowledge another reasonable intent of the statute, that of encouraging non-custodial parents to *maintain* communication with their children. If we were to accept Rosell's interpretation of the statute, it would be tantamount to encouraging non-custodial parents to visit their children just often enough to thwart the adoptive parents' efforts to provide a settled environment for the children.

Moreover, the three visits by Rosell in August and September of 1974 would not necessarily constitute significant communication. *See In re Adoption of Thornton* (1976), 171 Ind. App. 457, 358 N.E.2d 157, majority and concurring opinions. We would agree that significance is not a commodity to be measured in terms of units of visits. However, the trial court heard testimony that the children refer to Katherine Dausman as "mom" and to Rosell as "Punkie";

that at the time of the hearing over a year had elapsed since the children had referred to Rosell at all; that Rosell knew "Kathy loves the children"; and that Rosell was not discouraged from visiting the children. ("Oh, yes [she was permitted to see the children]. There was never a question.") The evidence was clear, convincing, and indubitable that there was an absence of significant communication. *In Re Bryant's Adoption* (1963), 134 Ind. App. 480, 189 N.E.2d 593.

Rosell also complains that the trial court improperly utilized a best interest standard in granting the adoption. Once the statutory requirements necessary for the dispensing of consent have been met, the best interests of the children may also be considered. *In Re Adoption of Anonymous* (1973), 158 Ind. App. 238, 302 N.E.2d 507. The trial court was justified in considering evidence which related to the well-being of the children.

Considering the clear statutory language and the evidence in the record, the trial court did not err in dispensing with Rosell's consent to the adoption. The judgment of the trial court is affirmed.

Hoffman, J. and Garrard, J., concur.

NOTE—Reported at 373 N.E.2d 185.