403 A.2d 108

TRIMPEY TIRE SALES AND SERVICE, INC., Appellant,

v.

Hubert D. STINE, Jr. and Duncan Brothers Tire Company.

Superior Court of Pennsylvania.

Argued March 12, 1979.

Decided May 9, 1979.

Bruce E. Cooper, Harrisburg, for appellant.

Daniel K. Deardorff, Carlisle, for appellee Hubert D. Stine, Jr.

David E. Lehman, Harrisburg, for appellee Duncan Bros. Tire Co.

Before CERCONE, P. J., and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order denying appellant's exceptions to a verdict entered for defendants in a civil nonjury trial. Appellant contends that the verdict was against the weight of the evidence. We affirm the order of the court below.

Appellant alleged that defendant Duncan Brothers Tile Company (Duncan) negligently manufactured approximately 4,400 recapped and retreaded tires which were sold to defendant Stine who re-sold them to appellant, and that both defendants breached express and implied warranties made to appellant in the sale. The evidence shows that both defendants told appellant that the tires could be expected to have a failure rate of 5–7%, which is normal for the industry. Appellant admitted that he purchased the tires from Stine on a "no-adjustments" basis. This term, as used in the tire industry, means that the purchaser buys at his own risk and is solely responsible for any returns made to him by his customers; his suppliers will make "no adjustments" to compensate him for his losses. Here, appellant sold 1,700 of

the Duncan tires of which 386 were returned by dissatisfied customers because of certain defects.

█ The tort claim against Duncan for negligent manufacture of the tires was properly rejected by the court below because plaintiff is not a user or consumer of the tires whom the law protects in tort against negligent manufacture of chattels. Restatement [2d] of Torts § 395. *See especially* Comment h. Appellant's evidence at trial showed that he did not use the tires in any way but merely retailed them to consumers. Therefore he has no tort claim against Duncan.

██ Nor can we find any reason to upset the verdicts in favor of Stine and Duncan on the contract claims for breach of warranty.[1] Any implied warranty, 12A P.S. § 2–314, was excluded by the admitted "no adjustment" basis of the sale, which called appellant's attention to the fact that the sale was "with all faults" and to the exclusion of any implied warranties. *See* 12A P.S. § 2–316(3)(a). As to the claim based upon an express warranty, 12A P.S. § 2–313, the lower court found as a matter of fact that the 5–7% failure rate quoted by the defendants "was a mere opinion" commending the value of the tires and was not an "affirmation of fact or promise" which became a basis of the parties' bargain. *See* 12A P.S. § 2–313(1)(a) and (2). Because there is evidence in the record supporting this conclusion, we will not disturb it on appeal. *In re Wertman's Estate*, 462 Pa. 195, 340 A.2d 429 (1975); *Courts v. Campbell*, 245 Pa.Super. 326, 369 A.2d 425 (1976).

Order affirmed.

WIEAND, J., concurs in result.

1. In *Kassab v. Central Soya*, 432 Pa. 217, 246 A.2d 848 (1968), our Supreme Court abolished the privity requirement in actions by purchasers against remote manufacturers such as Duncan for breach of implied warranties. Since then, the abolition of privity has also been applied to actions based upon express warranties. *See K & C, Inc. v. Westinghouse Electric Corp.*, 437 Pa. 303, 307–08, 263 A.2d 390 (1970); *Klages v. General Ordnance Co.*, 240 Pa.Super. 356, 375, 367 A.2d 304 (1976).