431 A.2d 274

**In re ADOPTION OF R. W. G., a Minor.**

**Appeal of R. L. G.**

Supreme Court of Pennsylvania.

Submitted March 3, 1981.

Decided July 2, 1981.

William F. Morgan, Warren, for appellant.

Barbara L. Smith, Mahany, Roeder & Kirvan, Titusville, for Dianne R. McAfoose.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from a final decree of the Court of Common Pleas of Warren County, Orphans' Court Division, involuntarily terminating the parental rights of appellant R.L.G. to his natural son R.W.G. pursuant to section 311(1) of the Adoption Act of 1970.[1] We affirm.

Appellant and appellee were married in 1974, and lived in Warren, Ohio. R.W.G. was born in Warren in May of 1975. Appellant and appellee separated in March of 1977 and were divorced in January of 1978.

After the separation, appellant remained in Warren, Ohio, while appellee and R.W.G. moved to Tidioute, Pennsylvania. In November of 1977, an Ohio county domestic relations court awarded appellant custody of R.W.G. as a result of appellee's failure to answer appellant's custody request. However, at all times since the separation, R.W.G. has continued to reside with appellee in Tidioute. Appellant has continued to reside in Warren, Ohio.

From May to August of 1977, appellant regularly visited R.W.G. Thereafter, he had no contact whatever with the child.

Appellee remarried in June of 1978. On April 2, 1979, appellant received a letter from counsel for appellee seeking appellant's consent to adoption of R.W.G. by appellee's new

---

1. Act of July 24, 1970, P.L. 620, 1 P.S. § 311(1) (Supp.1980). Section 311(1) authorizes termination of parental rights where
   "[t]he parent by conduct continuing for a period of at least six months either has evidenced a settled purpose of relinquishing parental claim to a child, or has refused or failed to perform parental duties...."
   Section 311(1) permits termination upon a showing of "either the parent's settled purpose to relinquish parental claims to the child, or a refusal or failure to perform parental duties for six months." *In re I.L.G.*, 492 Pa. 507, 509 n.*, 424 A.2d 1306, 1306 n.*. See *In re Adoption of McCray*, 460 Pa. 210, 215 n.6, 331 A.2d 652, 654 n.6 (1975).

spouse. Appellant did not respond to the letter, nor did he take any other action manifesting an interest in the child.

On October 12, 1979, more than six months after appellant received the letter requesting his consent to adoption, appellee and her spouse commenced the present proceedings by filing a petition for involuntary termination of appellant's parental rights. A hearing on the petition was held in January of 1980. Appellant, represented by counsel, claimed that since his last contact with R.W.G. in August of 1977 he had made frequent trips to Tidioute to visit R.W.G. Appellant maintained that he was unable to locate the child because appellee had "secreted" herself and R.W.G. Appellant, however, failed to show either that his trips to Tidioute continued after receipt of the letter seeking his consent to adoption or that despite the letter appellee had continued to "secret" herself and R.W.G.[2]

The orphans' court determined that "[appellee] did not attempt to seclude herself and the child or conceal her identity or whereabouts from [appellant]." Relying primarily upon appellant's failure to respond to the letter seeking appellant's consent to adoption, the court concluded that termination of appellant's parental rights was justified under section 311(1).

Well-established is our scope of review:

"The findings of the orphans' court, supported by competent evidence, 'must be sustained unless the court abused its discretion or committed an error of law.' *In re William L.*, 477 Pa. 322, 340, 383 A.2d 1228, 1237, cert. denied, 439 U.S. 880, 99 S.Ct. 216 [58 L.Ed.2d 192] (1978); accord, e. g., *Wertman Estate*, 462 Pa. 195, 340 A.2d 429 (1975); *Estate of Lanning*, 414 Pa. 313, 200 A.2d 392 (1964). We must accept as true all evidence in the record supporting the findings of the court and reasonable inferences therefrom. E. g., *In re William L.*, 477 Pa. at 340 n.12, 383 A.2d at 1237 n.12; see *Kay v. Kay*, 460 Pa. 680, 334 A.2d 585 (1975). Conflicts in the testimony are to be

2. According to the 1980 federal decennial census, Tidioute had a population of approximately 845.

> resolved by the trier of fact, who is the sole judge of credibility. E. g., *Garges Estate,* 474 Pa. 237, 378 A.2d 307 (1977); *Wertman Estate,* supra. This Court may not disturb a decree of the orphans' court based upon findings supported by the record unless the orphans' court applied an incorrect legal standard. See, e. g., *In re William L.,* supra; *Garges Estate,* supra; cf. *Girard Trust Bank v. Sweeney,* 426 Pa. 324, 330, 231 A.2d 407, 411 (1967) (decision reversed where facts properly found did not meet applicable legal standard)."

*Adoption of S.H.,* 476 Pa. 608, 611, 383 A.2d 529, 530 (1978). No abuse of discretion or error of law appears here. Despite correspondence from appellee's counsel seeking appellant's consent to the adoption of R.W.G. by appellee's spouse, the record fails to disclose that appellant made any effort either to contact appellee's counsel regarding the child or to attempt otherwise to remain a part of the child's life. Appellant failed to act even though his Ohio counsel had, according to appellant,

> "told [appellant] that this was his opportunity to bring the matter before the court in Pennsylvania and therefore he should not take any action which would be extra-legal but should instead rely on the Court and obtain Pennsylvania counsel to seek redress in Warren County."[3]

The orphans' court concluded that so dramatic a development as a request to adoption and, hence, termination of parental rights, would not have gone unanswered by an interested parent. This conclusion is amply supported by the record.

Our cases are clear that

> "[a] child needs love, protection, guidance, and support. These needs, physical and emotional, cannot be met by a merely passive interest in the development of the child. Thus, this Court has held that the parental obligation is a positive duty which requires affirmative performance. *In re Adoption of Orwick,* 464 Pa. 549, 347 A.2d 677 (1976); *In re Adoption of Mahlon Nichelle McCray,* 460 Pa. 210,

3. Brief for Appellant at 11.

331 A.2d 652 (1975); *Appeal of Diane B.*, 456 Pa. 429, 321 A.2d 618 (1974); *In re Smith's Adoption*, 412 Pa. 501, 194 A.2d 919 (1963). This affirmative duty encompasses more than a financial obligation; it requires continuing interest in the child and a genuine effort to maintain communication and association with the child. *In re Adoption of Mahlon Nichelle McCray*, supra; *Appeal of Diane B.*, supra; *In re Adoption of Jagodzinski*, 444 Pa. 511, 281 A.2d 868 (1971). Because a child needs more than a benefactor, parental duty requires that a parent 'exert himself to take and maintain a place of importance in the child's life.' *Appeal of Diane B.*, supra, 456 Pa. at 433, 321 A.2d at 620, quoting *In Re: Adoption of J.R.F.*, 27 Somerset L.J. 298, 304–05 (Pa.C.P.1972)."

*In re Burns*, 474 Pa. 615, 624–25, 379 A.2d 535, 540 (1977). Appellant's failure to perform parental duties affirmatively, and to maintain a place of importance in R.W.G.'s life for the critical statutory period, is convincingly established by the record. The decree of the orphans' court terminating appellant's parental rights must be affirmed.

Decree affirmed. Each party pay own costs.