440

453 A.2d 664

**In re ADOPTION OF D.M.L. and F.W.Z.**

**Appeal of J.Z.**

Superior Court of Pennsylvania.

Argued May 19, 1982.

Filed Dec. 10, 1982.

J. William Hook, Waynesburg, for appellant.

R. Wallace Maxwell, Waynesburg, submitted a brief on behalf of Child. Youth Services, participating party.

John W. Hardisty, Washington, for Lavigne, participating party.

Robert D. Berryman, Harrisburg, for Zimmerman, participating party.

Before HESTER, McEWEN and JOHNSON, JJ.

JOHNSON, Judge:

Appellant, J.Z., the natural father of D.M.L. and F.W.Z., appeals from the Order of the trial court terminating his parental rights to these children.

D.M.L. was born on February 5, 1975 to Appellant and I.L., who was married to her previous husband at that time. D.M.L. was adjudicated as deprived after a hearing on September 3, 1976 and placed in the custody of Children and Youth Services of Greene County (CYS). On February 24, 1978, F.W.Z. was born to I.L. and Appellant. F.W.Z. was adjudicated dependent after a hearing on September 28, 1979 and also placed in the custody of CYS.

On July 30, 1980 petitions for involuntary termination of Appellant's parental rights were filed by CYS. At this time, I.L., the natural mother, also signed a petition to voluntarily terminate her rights to the children. Following hearings on September 2 and 29, 1980, the trial court issued an opinion and order on January 23, 1981, terminating Appellant's rights to both children. After the filing and denial of exceptions, the trial court filed an opinion and issued a final order on September 18, 1981. This appeal followed.

Three issues were raised by Appellant, namely: (1) whether CYS has sustained its burden of proof to justify termination; (2) whether it was proper for the trial court to make reference in its opinion, and consider as evidence, Appellant's failure to comply with a goal plan, which is not a fact of record, and (3) whether CYS' conduct thwarted Appellant's attempt to perform his parental duties and caused Appellant's children to be without essential parental care, control or subsistence.

■ After the filing of the instant appeal, but prior to argument, the U.S. Supreme Court determined, in *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), that the due process clause of the Fourteenth Amendment to the U.S. Constitution requires that the standard of proof in involuntary termination proceedings must be at least *clear and convincing evidence.* The standard in

Pennsylvania at the time of these proceedings in the trial court was preponderance of the evidence. *See, e.g., In re Adoption of M.M.,* 492 Pa. 457, 460–61, 424 A.2d 1280, 1282 (1981); *In the Interest of T.S.L.,* 487 Pa. 245, 248, 409 A.2d 332, 334 (1979); *cf. Appeal of G.J.A.,* 304 Pa.Super. 21, 26 n. 4, 450 A.2d 80, 83 n. 4 (1982).

We note that, although neither of the opinions filed by the trial court refer to the standard of proof applied by it in these proceedings, the Appellant, citing *In re D.J.Y.,* 487 Pa. 125, 130, 408 A.2d 1387, 1389 (1979), proceeded in the belief that "[a] party must establish the statutory requirement for involuntary termination *by a preponderance of the evidence."* (Appellant's Brief, p. 11, emphasis added).

■ Where, as here, the law concerning the standard of proof in involuntary termination proceedings changes, a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final. *August v. Stasak,* 492 Pa. 550, 554–55, 424 A.2d 1328, 1330–31 (1981); *accord, Commonwealth v. Brown,* 494 Pa. 380, 383, 431 A.2d 905, 906–07 (1981).

■ Although we intend no criticism of President Judge TOOTHMAN's well-reasoned opinion in support of his determination to terminate Appellant's parental rights, and while our review of the record might cause us to agree with the distinguished trial judge, we are mindful that our review is limited to ascertaining whether the evidence relied upon by the trier of fact was of sufficient quality and substantiality to support the rationality of the judgment. *Woodby v. Immigration Service,* 385 U.S. 276, 282, 87 S.Ct. 483, 486, 17 L.Ed.2d 362, 367 (1966). As the *Santosky* court has observed, we are not free to treat appellate review as a curative for an inadequate burden of proof. *Santosky v. Kramer,* 455 U.S. at 757 n. 9, 102 S.Ct. at 1396 n. 9, 71 L.Ed.2d at 609 n. 9.

Finally, we are guided by the words of Justice BLACKMUN, speaking for the majority in *Santosky,* wherein he stated:

Since the litigants and the factfinder must know at the outset of a given proceeding how the risk of error will be allocated, the standard of proof necessarily must be calibrated in advance. Retrospective case-by-case review cannot preserve fundamental fairness when a class of proceedings is governed by a constitutionally defective evidentiary standard.

*Id.* at 757, 102 S.Ct. at 1396, 71 L.Ed.2d at 609.

■ Given the fundamental liberty interest of a natural parent in the care, custody and management of his, or her, child, and in light of the increased risk of error which may have existed in this case under a standard of proof lower than mandated by *Santosky, see Lassiter v. Department of Social Services,* 452 U.S. 18, 27–31, 101 S.Ct. 2153, 2167–2170, 68 L.Ed.2d 640, 649–652 (1981), we must conclude that this case must be remanded to the trial court with instructions to reconsider the case in the light of *Santosky.* Upon rehearing, the court shall be guided by a requirement that clear and convincing evidence that grounds for termination exist. *Appeal of G.J.A.,* 304 Pa.Super. 21, 27, 450 A.2d 80, 83 (1982).

Order vacated. Case remanded for reconsideration in accordance with this opinion. Jurisdiction is not retained.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. A review of the record leads to the inescapable conclusion that the application of the standard of proof set forth in *Santosky,* supra, to the facts of this case, mandates that appellant's parental rights to both children be terminated.

In view of the appellant father's uninterrupted failure to provide the bare, minimum requirements for the support of his children; his failure to visit; his neglect; his complete lack of natural love and affection for those children, imposes upon this court the responsibility of providing the children with an opportunity to lead a normal existence. The best interests of the children mandate this action.

D.M.L. is now 7½ years old. She has not lived with appellant since September 3, 1976. F.W.Z. is 4½ and has not resided with appellant since September 28, 1979. The children were removed from their parents' custody due to inadequate living conditions and in F.W.L.'s case, inadequate medical care. Their parents are now divorced. Their mother has remarried and consents to the termination of her parental rights to the children.

Appellant has failed to support the children since their separation from him. His isolated attempts to visit them have been half-hearted and clearly insufficient to sustain his position as their father. His current residence is in need of substantial rehabilitation; the housekeeping standards are poor; there is a lack of running water as well as heat; appellant has a serious drinking problem.

Appellant is a stranger to his children. As demonstrated by the Pennsylvania Supreme Court in *Ellerbe v. Hooks,* 490 Pa. 363, 2116 A.2d 512 (1980), the psychological best interests of the children is a matter of paramount concern.

The evidence presented was more than adequate to warrant the termination of appellant's rights. As the Pennsylvania Supreme Court stated in: *In re Burns,* 474 Pa. 615, 624, 379 A.2d 535, 540 (1977):

There is no simple or easy definition of parental duties. Parental duty is best understood in relation to the needs of a child. A child needs love, protection, guidance, and support. These needs, physical and emotional, cannot be met by a merely passive interest in the development of the child. Thus, this Court has held that the parental obligation is a positive duty which requires affirmative performance. *In re Adoption of Orwick,* 464 Pa. 549, 347 A.2d 677 (1976); *In re Adoption of Mahlon Nichelle McCray,* [460 Pa. 210, 331 A.2d 652] supra; *Appeal of Diane B.,* 456 Pa. 429, 321 A.2d 618 (1974); *In re Smith's Adoption,* 412 Pa. 501, 194 A.2d 919 (1963). This affirmative duty encompasses more than a financial obligation; it requires continuing interest in the child and a genuine effort to maintain communication and association with the child. *In re*

*Adoption of Mahlon Nichelle McCray,* supra; *In re Adoption of Jagodzinski,* 444 Pa. 511, 281 A.2d 868 (1971). Because a child needs more than a benefactor, parental duty requires that a parent "exert himself to take and maintain a place of importance in the child's life." *Appeal of Diane B.,* supra, 456 Pa. at 433, 321 A.2d at 620, quoting *In Re: Adoption of J.R.F.,* 27 Somerset L.J. 298, 304–05 (Pa.C.P.1972).

The appellant has not been a parent to his children. The Children and Youth Services was compelled to remove the children from their parents' custody.

I repeat, the record in this appeal demonstrates that the evidence more than meets the standards outlined in *Santosky v. Kramer,* supra.

I would, therefore, affirm the findings and order of Judge Toothman of the court below.