**Carl GRAHAM, Appellant (Petitioner Below),**

v.

**Marion STARR, Appellee (Respondent Below).**

No. 1–480A85.

Court of Appeals of Indiana, First District.

Feb. 4, 1981.

ROBERTSON, Judge.

Carl Graham appeals the denial of two petitions for the adoption of his wife's two daughters from a prior marriage.

We affirm.

Graham challenges the trial court's decision as being contrary to law because the order denying the petitions refers to his failure to prove the "absolute abandonment" of the children by their natural father, Marion Starr. Graham concludes from this language that he was held to an erroneous standard of proof and argues that the evidence presented satisfied the statutory criteria for adoption without parental consent specified by *Ind.Code* 31–3–1–6(g)(1).[1] Graham also contends the trial court's decision was contrary to law because the court failed to properly consider the children's best interests.

■ We note that Graham is appealing a negative judgment. Therefore, after considering the evidence favorable to the appellee, we may only reverse the trial court's decision if the evidence is without conflict and leads to but one conclusion contrary to that of the trial court. *Garbe v. Excel*

---

1. IC 31–3–1–6(g)(1) reads in relevant part:
 (g) Consent to adoption is not required of:

 . . . . .

 a parent of a child in the custody of another person, if for a period of at least one (1) year he fails without justifiable cause to communicate significantly with the child when able to do so or knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree (when the parent or parents have made only token efforts to support or to communicate with the child, the court may declare the child abandoned by the parent or parents).

*Mold, Inc.,* (1979) Ind.App., 397 N.E.2d 296; *Umbreit v. Chester B. Stem, Inc.,* (1978) Ind.App., 373 N.E.2d 1116.

 Our review has revealed nothing to indicate the trial judge applied an improper standard of proof. In order for an adoption without parental consent to take place, the parent's failure to communicate with or support the children in question must be shown by clear, cogent, and indubitable evidence. *In Re Bryant's Adoption,* (1963) 134 Ind.App. 480, 189 N.E.2d 593; *Matter of Adoption of Lockmondy,* (1976) 168 Ind.App. 563, 343 N.E.2d 793; *Rosell v. Dausman,* (1978) Ind.App., 373 N.E.2d 185. Such a high standard of proof is required because of the important rights involved. Additionally, IC 31–3–1–6(g)(1) recognizes that in a situation like the case at bar, even if a parent failed to pay support to or communicate with a child for one year, his consent for adoption will not be dispensed with if there was justifiable cause for such failure or if the parent was unable to meet his obligations.

The facts in this case do not clearly show that Starr failed to meet his obligations for one year, and further, the facts indicate mitigating circumstances in that Starr was unable to provide support as well as being hampered in his attempts to communicate with the children. The petitions for adoption alleged that Starr failed to see the children from May 1, 1978, to the time the petitions were filed on July 10, 1979, and that he failed to provide support for over a year, until he became aware of the filing of the petitions. However, evidence presented at trial indicated that Starr saw his daughters on May 7, 1978, just prior to entering the hospital for surgery. The surgery occurred on May 9, 1978. Starr also visited his daughters in June, 1978, on Father's Day. Thereafter, he sent Christmas cards in December, 1978 which were returned to him marked "return to sender". In May, 1979, the mother refused to allow Starr to see the children and did so again in June, 1979.

In regard to support payments, the record reveals Starr had problems paying prior to May 1, 1978 because of medical expenses

for his wife at that time. Then in May, 1978, he had surgery which prevented him from working until April, 1979. During this period, Starr's total income was $2,350, some of which went to defray his medical expenses. Starr began making support payments when he resumed work.

 Thus, it was not clearly shown that Starr failed to communicate with his children for at least one year when able to do so, and the facts indicate that he was unable to make the support payments for the period. Therefore, the statutory criteria for dispensing with parental consent was not satisfied.

 Graham's argument that the trial court failed to consider the best interests of the children also fails because a court may not apply the "best interests" test until one of the statutory grounds for dispensing with parental consent has been proved. Here that threshold was not crossed. *See e. g. Rosell v. Dausman, supra.*

The judgment of the trial court denying the adoption petitions is affirmed.

Judgment is affirmed.

NEAL, P. J. and RATLIFF, J., concur.