439 N.E.2d 1376 (1982)
In the matter of the Petition for Adoption of: D.H. III.
D.H. II, Respondent-Appellant,
v.
T.L.T., Petitioner-Appellee.
No. 1-282A50.
Court of Appeals of Indiana, First District.
September 30, 1982.
Kenneth J. Falk, David J. Dreyer, Legal Services Organization of Indiana, Inc., Indianapolis, for respondent-appellant.
Augustus H. Tabor, Tabor & Dees, Terre Haute, for petitioner-appellee.
RATLIFF, Presiding Judge.

STATEMENT OF THE CASE
Appellant D.H. II appeals from a judgment of the Vigo Circuit Court granting a petition for adoption absent the consent of the natural father. We reverse.

FACTS
Appellant was married to O.H. until the dissolution of their marriage in December 1974. While married the couple had a child. *1377 After the dissolution O.H. married appellee T.T.T.T. subsequently filed a petition for adoption in September 1981. With one minor exception, the child has lived with O.H. and T.T. since their marriage. After holding a hearing the court granted the petition. Appellant then filed a motion to correct errors, which was granted as to one specific paragraph contained therein. The court entered an amended order granting the petition and this appeal followed.

ISSUES
Appellant presents two issues for review by this court. Combined and restated, appellant's issue is as follows:
Did the trial court err in granting the petition for adoption absent a showing that the natural father knowingly failed to support the minor child when he had the ability to do so?

DISCUSSION AND DECISION
The trial court erred in granting the petition for adoption.
At issue in this appeal are the provisions of Indiana Code Section 31-3-1-6(g) (Supp. 1981). That subsection states that
"(g) Consent to adoption is not required of: (1) a parent or parents if the child is adjudged to have been abandoned or deserted for six (6) months or more immediately preceding the date of the filing of the petition; or a parent of a child in the custody of another person, if for a period of at least one (1) year he fails without justifiable cause to communicate significantly with the child when able to do so or knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree (when the parent or parents have made only token efforts to support or to communicate with the child, the court may declare the child abandoned by the parent or parents)... ."
Id. (Emphasis supplied.) It is undisputed that appellant was ordered to pay $20.00 support per week by the court which granted the dissolution of marriage. It is also undisputed that appellant made only one $20.00 support payment in the period between August 1979 and June 1981. This is prima facie evidence that the appellant failed to provide support for a period of one year as required by the dissolution decree. Petitioner's evidence thereby comports in part with the provisions of subsection (g). However, the statute further provides that a natural parent's consent to adoption may not be obviated unless it is shown that the parent "knowingly" failed to provide support "when able to do so." The statute clearly requires the petitioner to demonstrate that the natural parent had the ability to provide for the support of the child and did not do so. Where this is not shown the evidence must be deemed insufficient to sustain the granting of the petition.
In the instant case there was little evidence introduced which indicated that appellant knowingly failed to provide support when able to do so. Petitioner's counsel was able to elicit on cross examination that appellant had money to buy cigarettes and gas. However, standing alone, this is not sufficient to indicate appellant's ability to pay support of twenty dollars per week, nor can such an inference reasonably be drawn from this evidence. This is an insufficient basis upon which to predicate the court's decision that the consent of the appellant was not needed to effectuate the adoption in this case.
Similar cases involving the natural parent's failure to communicate with the child have reached the same result. In addition to providing for non-consensual adoption where the parent fails to pay support, subsection (g) also provides that a parent's failure to significantly communicate with the child when able to do so will result in the court granting the petition for adoption absent the natural parent's consent.[1] Our courts have consistently held that Indiana Code Section 31-3-1-6(g) mandates a showing *1378 by the petitioner that the natural parent was able to communicate with the child. See Matter of Adoption of Thomas, (1982) Ind. App., 431 N.E.2d 506, 517, (Miller, P.J. concurring), trans. denied; Graham v. Starr, (1981) Ind. App., 415 N.E.2d 772, 774; Matter of Adoption of Herman, (1980) Ind. App., 406 N.E.2d 277, 279, trans. denied; In re Adoption of Anonymous, (1973) 158 Ind. App. 238, 242, 302 N.E.2d 507, 510. Further, this must be shown by clear, cogent and indubitable evidence. Graham. We see no reason why the same standard applied to cases of non-communication should not be applied to cases of failure to provide support. Accord In re Adoption of Lockmondy, (1976) 168 Ind. App. 563, 574, 343 N.E.2d 793, 798. We, therefore, hold that the petitioner in such cases must show that the natural parent was able to pay the ordered support and knowingly failed to do so. Upon such a showing, the natural parent may then present rebuttal evidence as to his justification for failure to provide support, as did the appellant in this case. Since the petitioner in this case failed to demonstrate by clear and cogent evidence that the appellant had the ability to pay the ordered support, we reverse the granting of the petition for adoption.
Reversed.
NEAL and ROBERTSON, JJ., concur.
NOTES
[1] The petition is not automatically granted following a showing that the natural parent failed to communicate or provide support when able to do so. Once the statutory requirements are met, the court may then look to the arrangement which will be in the best interests of the child. Rosell v. Dausman, (1978) Ind. App., 373 N.E.2d 185, 187. Upon a finding that the adoption would be in the best interests of the child, the court may then grant the petition.