505 N.E.2d 868 (1987)
In re the Petition for the ADOPTION OF Lucas Peter AUGUSTYNIAK.
Randall Gene Bruick, Appellant (Petitioner below),
v.
Peter G. Augustyniak, Appellee (Respondent below).
No. 02A03-8607-CV-00183.
Court of Appeals of Indiana, Third District.
April 8, 1987.
Rehearing Denied June 10, 1987.
*869 Andrew M. Goeglein, Nieter, Cappelli & Goeglein, Fort Wayne, for appellant.
Douglas O. Beerbower, Fort Wayne, for appellee.
STATON, Judge.
Bruick appeals the trial court's denial of his petition to adopt Lucas Peter Augustyniak, raising two issues for our review:
(1) Whether the natural father's consent to the adoption is required under I.C. 1941, 31-3-1-6(g)(1) (Burns Code Ed., 1980 Repl.).[1]

*870 (2) Whether the adoption is in the child's best interest.
We affirm.
Lucas Peter Augustyniak was born on April 22, 1980, to Peter G. Augustyniak and Wendy R. (Augustyniak) Bruick. They were divorced on March 19, 1982. Wendy was granted custody of Lucas. She married Randall Gene Bruick on March 23, 1985. On August 1, 1985, Mr. Bruick filed a petition for the adoption of Lucas. Mrs. Bruick gave her consent to the adoption, but Mr. Augustyniak did not. The trial court denied the petition on March 14, 1986.
On appeal, we will not disturb the trial judge's decision in an adoption proceeding unless the evidence at trial led to but one conclusion and the trial court reached an opposite conclusion. Matter of Adoption of Hewitt (1979), Ind. App., 396 N.E.2d 938, 943. We will not reweigh the evidence, but instead will examine the evidence most favorable to the trial court's decision. Matter of Adoption of Herman (1980), Ind. App., 406 N.E.2d 277, 278, trans. denied. We note that a petitioner for adoption without parental consent bears the burden of proving the statutory criteria in I.C. 31-3-1-6(g)(1) by clear, cogent and indubitable evidence. Matter of Leckrone (1980), Ind. App., 413 N.E.2d 977, 979. Indubitable means "not open to question or doubt: too evident to be doubted: UNQUESTIONABLE." Matter of Adoption of Thomas (1982), Ind. App., 431 N.E.2d 506, 514, trans denied.

I.

Whether Consent Required
I.C. 31-3-1-6(g)(1) sets out three distinct situations in which consent to adoption is not required of the natural parent or parents. They are:
(1) Abandonment or desertion for six (6) months or more immediately preceding the date of the filing of the petition; or
(2) The non-custodial parent's failure without justifiable cause to communicate significantly with the child when able to do so for at least one year;[2] or
(3) The non-custodial parent's knowing failure to support the child as required by judicial decree when able to do so for at least one year.[3]
Bruick argues that the second and third portions of the statute are applicable here.

A.

COMMUNICATION
In the dissolution decree, Augustyniak was granted visitation on alternate Thursdays from 1:00 p.m. to 9:00 p.m., on alternate weekends from 7:00 p.m. Friday to 9:00 a.m. Sunday, and at other reasonable times. The undisputed evidence shows that: (1) Augustyniak visited Lucas in 1982 after the dissolution decree, but he moved to Florida later that year; (2) Augustyniak telephoned Lucas and sent him periodic cards and gifts; (3) Augustyniak visited Lucas in March 1983; (4) at the time of the filing of the petition on August 1, 1985, Augustyniak had not seen his son since March 1983; and (5) Lucas spent Christmas 1984 with his paternal grandparents.
Augustyniak testified that he repeatedly attempted to arrange further visits with Lucas, but that Mrs. Bruick refused to let him see his son. He also testified that he had telephoned Lucas many times, but that Mrs. Bruick did not allow him to speak to the child. Mrs. Bruick denied that Augustyniak had attempted to arrange any further visitation with Lucas or that he had made more than an occasional phone call. *871 She said she had never prevented Lucas from speaking to Augustyniak when he did call.
One petitioning to adopt without parental consent has the burden of proving both a lack of communication for the statutory period and that the ability for communication during that time span existed. Matter of Adoption of Herman, supra, 406 N.E.2d at 279. Whether this burden has been met is necessarily dependent upon the facts and circumstances of each particular case, including, for example, the custodial parent's willingness to permit visitation as well as the natural parent's financial and physical means to accomplish his obligations. Matter of Adoption of Thomas, supra, 431 N.E.2d at 517. Efforts of a custodial parent to hamper or thwart communication between parent and child are relevant in determining the ability to communicate. Lewis v. Roberts (1986), Ind. App., 495 N.E.2d 810, 812-13.
Here, the evidence most favorable to the trial court's decision shows that because Augustyniak lived in Florida, it was impossible for him to visit Lucas on a regular basis. However, he did telephone Lucas and send him various cards and gifts. In addition, Augustyniak testified that although he told Mrs. Bruick that he would drive up from Florida at any time to visit Lucas if she would arrange such a meeting, she refused to do so. Because the evidence is conflicting on this point, we cannot say it led only to a conclusion in favor of Bruick. Further, the trial judge not only heard the testimony of the witnesses, he observed them and their demeanor; appellant asks us to reweigh the evidence, but this we cannot do. Matter of Adoption of Herman, supra, 406 N.E.2d at 278.[4]

B.

SUPPORT
In the dissolution decree, Augustyniak was ordered to pay $20.00 per week child support, beginning February 12, 1982, and any of the child's medical expenses exceeding $50.00 a year. When the divorce decree was entered, Augustyniak was behind $240.00 in child support payments.
From the date of the divorce, March 19, 1982, through December 9, 1985, Augustyniak made the following support payments, as shown by the records of the clerk of Allen County:

 DATES AMOUNTS
 11/10/82 - $ 25.00
 11/17/82 - $ 25.00
 11/22/82 - $550.00
 12/03/82 - $ 50.00
 01/13/83 - $100.00
 01/04/84 - $ 30.00
 03/11/85 - $ 20.00
 10/03/85 - $ 60.00
 10/17/85 - $ 60.00
 11/05/85 - $ 50.00
 12/09/85 - $100.00

In addition, Augustyniak made one other $50.00 child support payment directly to Mrs. Bruick in 1982.
Augustyniak's income from December 1982 through January 1985 was as follows:

*872
PLACE OF EMPLOYMENT/DATE INCOME
Computer Works of Fla. (Dec '82-Feb '83) $ 650.00
Executive Computer Systems (Feb '83-Jan
'84) 11,000.00
HTS Computers (Jan '84-Apr '84) 3,000.00
Armour Systems (Apr '84-Oct '84) 9,000.00
Professional Software Solutions (Oct '84-Jan
'85) 4,000.00
 __________
 Total $27,650.00

I.C. 31-3-1-6(g)(1) provides, in pertinent part:
Consent to adoption is not required of: ... a parent of a child in the custody of another person, if for a period of at least one year he ... knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree... .
Because the undisputed evidence shows that Augustyniak in fact did not make child support payments as required by the dissolution decree for a period of at least one year and because he testified that he knew he was supposed to make those payments, it is reasonable to infer that the trial court found that Bruick failed to show by clear, cogent and indubitable evidence that Augustyniak was able to make the payments.[5]
In Matter of Adoption of DH III (1982), Ind. App., 439 N.E.2d 1376, it was undisputed that the natural father was ordered to pay $20.00 child support per week by the court which granted the marriage dissolution. It was also undisputed that he made only one $20.00 support payment in the period between August 1979 and June 1981. The Court stated:
This is prima facie evidence that the appellant failed to provide support for a period of one year as required by the dissolution decree. Petitioner's evidence thereby comports in part with the provisions of subsection [I.C. 31-3-1-6](g). However, the statute further provides that a natural parent's consent to adoption may not be obviated unless it is shown that the parent `knowingly' failed to provide support `when able to do so.' The statute clearly requires the petitioner to demonstrate that the natural parent had the ability to provide for the support of the child and did not do so. Where this is not shown, the evidence must be deemed insufficient to sustain the granting of the petition.
Id. at 1377.
In that case, petitioner's counsel was able to elicit on cross examination that appellant had money to buy cigarettes and gas. "However, standing alone, this is not sufficient to indicate appellant's ability to pay support of twenty dollars per week, nor can such an inference reasonably be drawn from this evidence." Id. The natural father's ability to pay must be shown by clear, cogent and indubitable evidence. Id. at 1378.[6]
Here, Bruick's assertion that Augustyniak was able to pay the ordered support is based upon a showing that in the period of three years, Augustyniak earned an income of $27,650.00, or approximately $9,000.00 a year before taxes. Standing alone, that is not sufficient to indicate Augustyniak's ability to pay support of twenty dollars a week.
Because Bruick failed to meet the burden of proof in establishing that Augustyniak's consent to the adoption was not required under I.C. 31-3-1-6(g)(1), the trial court was correct in denying his petition for adoption.

II.

Best Interest of Child
In an adoption proceeding where parental consent has not been obtained, the court cannot consider whether the adoption is in the child's best interest until one of the statutory grounds for dispensing with parental consent has been proven. Graham *873 v. Starr (1981), Ind. App., 415 N.E.2d 772, 774.
Therefore, the trial court was correct in not considering whether Bruick's adoption of Lucas would be in the child's best interest.
Affirmed.
GARRARD, P.J., and ROBERTSON, J., concur.
NOTES
[1] I.C. 31-3-1-6(g)(1) provides:

Consent to adoption is not required of: ... A parent or parents if the child is adjudged to have been abandoned or deserted for six (6) months or more immediately preceding the date of the filing of the petition; or a parent of a child in the custody of another person, if for a period of at least one year he fails without justifiable cause to communicate significantly with the child when able to do so or knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree (when the parent or parents have made only token efforts to support or to communicate with the child, the court may declare the child abandoned by the parent or parents).
[2] It is not necessary that the period of non-communication be the year immediately prior to the filing of a petition for adoption. Matter of Adoption of Ryan L. (1982), Ind. App., 435 N.E.2d 624, 626.
[3] The payment or nonpayment of support is a separate basis for the termination of parental rights and is irrelevant to the issue of communication. Matter of Adoption of Ryan L., supra, 435 N.E.2d at 626.
[4] The trial court found that Bruick failed to meet the burden of proof in establishing that Augustyniak's consent to the adoption was not required under I.C. 31-3-1-6(g)(1). Because Bruick was attempting to establish that Augustyniak's consent to the adoption was not required under the second portion of the statute dealing with communication, that finding incorporates the implication that Bruick failed to show by clear, cogent and indubitable evidence that Augustyniak, for a period of at least a year, failed without justifiable cause to communicate significantly with Lucas when able to do so. In an adoption proceeding, a finding by the trial court that the natural parent did not fail to communicate with his child when able to do so permits the inference that, if and when he failed to communicate, it was because he was unable to do so. IN RE Adoption of Anonymous (1973), 158 Ind. App. 238, 302 N.E.2d 507, 510. In Anonymous, the Court refused to disturb the trial court's finding that the non-custodial parent's failure to communicate was due to the inability to do so in view of evidence that the custodial parent and his spouse sought to block communication by the non-custodial parent and considering the trial court's opportunity to hear testimony and observe witnesses. Id.
[5] In its judgment, the trial court stated: "Petitioner fails to meet the burden of proof." Because Bruick was attempting to establish that Augustyniak's consent to the adoption was not required under the third portion of I.C. 31-3-1-6(g)(1) dealing with support, that finding incorporates the implication that Bruick failed to show by clear, cogent and indubitable evidence that that portion of the statute was applicable here.
[6] Upon such a showing, the natural parent may then present rebuttal evidence as to his justification for the failure to provide support. Id.