In the Matter of the ADOPTION OF K.F. and T.F., B.F., Appellant–Respondent,

v.

L.F., Appellee–Petitioner.

No. 47A04–1006–AD–373.

Court of Appeals of Indiana.

Oct. 14, 2010.

Mark Small, Indianapolis, IN, Attorney for Appellant.

James G. Pittman, Donovan, Emery, Hewetson & Pittman, Bedford, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

B.F. ("Mother") appeals the trial court's grant of L.F.'s ("Stepmother's") petition for adoption of Mother's minor children K.F. and T.F. Mother presents a single issue for our review, namely, whether Stepmother presented sufficient evidence to support the trial court's grant of the adoption petition without Mother's consent.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Mother and A.F. ("Father") were married and had two children, T.F., born on December 9, 1999, and K.F., born on February 22, 2001. Mother and Father divorced in 2002, and Father was granted physical custody of both children. Mother was awarded parenting time and ordered to pay child support. Mother was only sporadically employed in the years after the divorce, and she has battled a serious drug addiction. As a result, as of 2009 Mother had a $14,095 child support arrearage.

Father married Stepmother in 2006. Since then, T.F. and K.F. have lived with Father and Stepmother in Bedford. In May 2007, the dissolution court ordered that Mother's visits with the children be supervised by their maternal grandmother, and the court ordered Mother to undergo drug screens at her own expense. Mother tested positive for benzodiazapenes and methadone in 2007; she tested positive for cocaine and opiates in February 2008; and she tested positive for morphine and codeine in September 2008. Also, Mother had diluted her urine sample for the September 2008 drug screen.

In the meantime, on May 2, 2008, Stepmother filed her petition for adoption of T.F. and K.F. Then, in April 2009, Mother was arrested and charged with dealing in heroin. Mother was four months pregnant at the time, but she did not know she was pregnant. As a result of that criminal charge, Mother is participating in a drug

court program, which she is scheduled to complete in June 2011.[1] On March 19, 2010, Mother failed a drug screen and admitted that she had "taken Percocet and had snorted heroin." Appellant's App. at 127.

At the hearing on Stepmother's adoption petition, Mother testified that she had obtained temporary employment as a house painter. Mother lives with her mother and continues to have only supervised visitation with her children. Mother's visitation schedule is as follows: T.F. visits three Saturdays out of each month for eight hours, and K.F. comes with T.F. on one of those Saturdays. However, on the day when both children are visiting, Mother only visits with the children for two hours. Father and Stepmother testified that the children are stressed before and after their visits with Mother. Otherwise, the children are happy and well-adjusted in their lives with Father and Stepmother.

Following the hearing on Stepmother's petition, the trial court found and concluded in relevant part as follows:

*Findings of Fact*

\* \* \*

8. That Mother has knowingly failed to provide support for the minor children since the issuance of the decree when able to do so.

9. That for the 7 years that the parties have been divorced, Mother has paid only $2,305.00 as support for the parties' minor children.

10. That Mother has been found in contempt of the Court's child support order on three different occasions on April 12, 2006; June 15, 2007 and July 27, 2009.

11. That Mother was behind $14,095.00 as of June 30, 2009.

12. That the only payments that have been made for the support of the minor children since April 14, 2009[,] were made by a third party on Mother's behalf in the amount of $250.00 on 11/2/09 and 11/3/09.

13. That Mother has a serious drug addiction which affects her ability to support her children in any manner.

14. That after their divorce, the parties returned to Monroe Circuit Court on numerous occasions for hearings related to Mother's drug issues.

15. That on April 26, 2007[,] the Monroe Circuit Court ordered Mother's parenting to be supervised by her mother and further ordered Mother to submit to a drug screen through the Monroe County Probation Department.

16. That Mother's parenting time has continued to be supervised since that date.

17. That Mother tested positive for Alprazolam and Methodone on 4–26–07.

18. That on September 6, 2007, the Monroe Circuit Court found that the Mother had not presented any evidence that she had stopped using illegal substances; that she did not appear or participate in the Home Investigation so that the probation department could work cooperatively with Mother to identify her substance abuse issues and make appropriate referrals for assistance; that Mother continues to arrive late for visits and is not consistent and focused in spending time with the children; that Mother's lack of stability and consistency during visitation may be harmful to the children.

---

1. Mother testified that if she completes the drug court program successfully, the charge against her will be dropped.

19. That on December 5, 2007, the Monroe Circuit Court found that the children were 6 and 7 years of age and were not capable of understanding why Mother does not come on time to visits and/or why she does not spend more time with them or prioritize them during visits; stopping visits will stabilize the emotions of the children; and Mother did not participate in the home investigation and the opportunity for drug evaluation or treatment through the Probation Department; and Mother's current drug use was unknown.

20. That on February 11, 2008, the Monroe Circuit Court found that Mother submitted two drug screen samples that were diluted by Mother.

21. That on February 11, 2008, the Monroe Circuit Court ordered the Mother to participate with Monroe County Probation Officer Christine McAfee to review Mother's drug screens and make recommendations for treatment if needed. Mother failed to attend this meeting and had not received any drug treatment or evaluation.

22. That Mother tested positive for Cocaine, Hydromorphone, Oxycodone, and Oxymorphone on 2–19–08.

23. That Mother tested positive for Morphine and Codeine on 9–17–08 and submitted a diluted screen on said date.

24. On October 17, 2008, the Monroe Circuit Court found that [due to] Mother's drug use and failure to obtain an evaluation, visitation alone with Mother presented a danger to the children.

25. That Mother was arrested on 4–20–09, while these adoption proceedings were pending, for dealing Heroin a class "B" Felony and Possession of a Schedule IV Controlled Substance a class "D" Felony.

26. That Mother was approximately three months pregnant [2] with another child from a different relationship at the time of her arrest for dealing heroin on 4–20–09.

27. That the above stated charges were reduced and Mother has pled guilty to a charge of Possession and entered into the Monroe County adult drug court program. If she completes the program the charges will be dismissed.

28. That if the Mother completes said Program, she will not graduate until sometime in 2011. That on April 5, 2010[,] the Court requested an update of the biological mother's progress in the Drug Court Program and was informed that she had one positive Drug screen on March 19, 2010[,] and admitted to taking Percocet and snorting heroin. She was incarcerated for 5 days for that screen. At that point all other screens had been negative. The Court, at counsel's request[,] set an additional hearing on May 12, 2010[,] to review the Drug Court report. Prior to that date the Court and counsel received notice that the biological mother had again been incarcerated [and] was due to be released on May 13 to a residential treatment center for a two[-]week period. The matter was not requested to be reset and the Court issues the present ruling.

29. That the Father consented to the adoption filed herein, as shown in Exhibit A of the petition.

30. That the Petitioner, [Stepmother] has been married to the Father of the minor children herein since June 30, 2006.

31. That the Petitioner and the Father herein have one subsequent[-]born child together.

2. Mother testified that she was four months pregnant at the time of her arrest.

32. That the Petitioner is a "stay-at-home" mom, is a capable and loving parent, and provides for the needs of both children herein as if said children were her own.

### Conclusions of Law

1. In an adoption where parental consent has not been obtained, the court cannot consider whether the adoption is in the best interests of the child until one of the statutory grounds for dispensing with parental consent has been proved. *Bruick v. Augustyniak,* 505 N.E.2d 868, 872 (Ind.Ct.App.1987) ... [ ()citing *Graham v. Starr,* 415 N.E.2d 772 (Ind.Ct.App.1981)[) ].

2. For the Court to grant the Petition for Adoption filed in this cause, the Court must find that the Mother's consent to the adoption was unnecessary under I.C. § 31–19–9–8.

3. I.C. § 31–19–9–8 provides in pertinent part:

(a) Consent to adoption, which may be required under section 1 [IC § 31–19–9–1] of this chapter, is not required from any of the following:

\* \* \*

(2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:

(A) fails without justifiable cause to communicate significantly with the child when able to do so; or

(B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

\* \* \*

(11) A parent if:

(A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and

(B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

(b) If a parent has made only token efforts to support or to communicate with the child the court may declare the child abandoned by the parent.

4. The Petitioner has the burden of proving that the Mother's consent is unnecessary under I.C. § 31–19–9–8(a)(2). I.C. § 31–19–10–1.2(a).

5. For an adoption to take place without parental consent, statutory exceptions for abandonment or failure to communicate with or support the child must be shown by clear, cogent, and indubitable evidence. *McElvain v. Hite,* 800 N.E.2d 947 (Ind.Ct.App.2003); *In re Adoption of J.P.,* 713 N.E.2d 873 (Ind. Ct.App.1999); and *In re Adoption of Subzda,* 562 N.E.2d 745 (Ind.Ct.App. 1990).

6. Whether the Petitioner has met the burden of proof on this statutory exception to the consent requirement depends on the facts and circumstances of each case. *Subzda,* [562 N.E.2d] at 749.

7. Payment or nonpayment of support by noncustodial parent is a separate basis for termination of parental rights so as to allow adoption of child without noncustodial parent's consent[ ] and is irrelevant to issue of noncustodial parent's failure to communicate with child. *Bruick*[, 505 N.E.2d at 870].

8. Mother had the ability to obtain drugs and had been held in contempt for willful violation of the divorce court's support orders.

10. [sic] The evidence before the Court was sufficient to establish by clear, cogent, and indubitable evidence that the Mother, for a period of at least one (1) year, failed to provide care and support of her children when able to do so.

11. It is in the best interest of [K.F. and T.F.] that the Petition for Adoption herein be granted.

12. That the mother's consent in this adoption is not required because she has knowingly failed to provide for the care and support of the children when able to do so as required by judicial decree.

13. Furthermore, Mother has continued to abuse drugs for several years, even after the Adoption Petition was filed. Indiana courts have found parents unfit due to drug abuse. *See In re the Adoption of H.N.P.G.*, 878 N.E.2d 900 (Ind.Ct.App.2008) and *In re the Adoption of T.W.*, 859 N.E.2d 1215 (Ind. Ct.App.2006).

14. Because of Mother's poor work history, her historical inability and difficulty staying off drugs even while this adoption proceeding was pending, her lack of support she has provided to the children, [and] failure to cooperate in any drug rehabilitation, Petitioner has proven by clear and convincing evidence that Mother is unfit to be a parent and it is in the best interests of the children that the Mother's parental rights be terminated and that the adoption be granted as herein requested.

Appellant's App. at 132–36. This appeal ensued.

## DISCUSSION AND DECISION

The trial court entered findings and conclusions pursuant to Trial Rule 52(A) at Stepmother's request. Accordingly, we determine whether the evidence supports the trial court's findings, and we determine whether the findings support the judgment. *Infinity Products, Inc. v. Quandt*, 810 N.E.2d 1028, 1031 (Ind.2004). We will not disturb the trial court's findings or judgment unless they are clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks any reasonable inference from the evidence to support them, and the trial court's judgment is clearly erroneous if it is unsupported by the findings and the conclusions which rely upon those findings. *Id.* In determining whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences to be drawn therefrom. *Id.*

Mother contends that the evidence is insufficient to support the trial court's conclusion that her consent to the adoption was not required. Indiana Code Section 31–19–9–8 provides in pertinent part:

(a) Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:

\*     \*     \*

(2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:

(A) fails without justifiable cause to communicate significantly with the child when able to do so; or

(B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

\*     \*     \*

(11) A parent if:

(A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and

(B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

Here, the trial court concluded that Mother's consent for the adoption was not necessary under both subsection (a)(2)(B) and subsection (a)(11) of the statute. On appeal, Mother maintains that the evi-

dence does not show that she was able to provide for the care and support of the children. And Mother asserts that she is not unfit to be a parent. We address each contention in turn.

### Support

■ Stepmother had the burden to prove that Mother had the ability to make the child support payments ordered by the dissolution court but that Mother knowingly failed to do so. In this court's opinion denying rehearing in *In re Adoption of Augustyniak*, 508 N.E.2d 1307, 1308 (Ind. Ct.App.1987), *trans. denied*, we held:

> A petitioner for adoption must show that the non-custodial parent had the ability to make the payments which he failed to make. That ability cannot be adequately shown by proof of income standing alone. To determine that ability, it is necessary to consider the totality of the circumstances. In addition to income, it is necessary to consider whether that income is steady or sporadic and what the non-custodial parent's necessary and reasonable expenses were during the period in question.

Here, Mother testified that she has struggled to maintain employment since her divorce from Father and that she has been mostly unemployed. And while Mother testified that she had temporary employment at the time of the hearing on the adoption petition, she did not testify regarding her wages or her living expenses.

However, Stepmother presented evidence that in 2006, 2007, and 2009, Mother had entered into three agreed orders for contempt for her failure to pay child support. Those agreed orders included Mother's concessions that she had "knowingly and intentionally failed to pay child support as ordered[.]" *See* Exhibits at 9.

And there is no indication in the agreed orders or elsewhere in the record that Mother had ever petitioned the court to modify her child support obligation. Indeed, a court cannot hold a parent in contempt for failing to pay child support unless the parent had the ability to pay and the failure to do so was willful. *In re Paternity of C.N.S.*, 901 N.E.2d 1102, 1106 (Ind.Ct.App.2009). We hold that the agreed orders for contempt, whereby Mother admitted to having knowingly and intentionally failed to pay child support, are sufficient evidence that Mother had the ability to make those payments.

The most recent contempt order, on July 27, 2009, provides that Mother is more than $14,000 in arrears. Because Mother's child support obligation has been $47 per week since the parties' divorce, Mother's arrearage is well beyond the minimum one year of nonpayment to satisfy the statutory requirement in subsection (a)(2)(B). Mother's contention amounts to a request that we reweigh the evidence, which we will not do. We hold that the evidence is sufficient to prove that Mother had the ability to pay but failed to pay child support for at least one year.

Still, Mother contends that she suffers from bipolar disorder and that Stepmother did not prove Mother's ability to work despite that mental illness. But, again, Mother admitted that she knowingly and intentionally failed to pay her child support obligation for years. She cannot now contradict those agreed entries, after the fact, with an allegation of a debilitating mental illness.[3] The evidence is sufficient to show that Mother had the ability to pay child support.

**3.** We also reject Mother's contention that the trial court improperly relied on its conclusion that Mother "had the ability to obtain drugs" in determining her ability to pay child support. The evidence of the agreed entries on contempt is sufficient to prove this issue.

### Fitness as a Parent

■ Mother also maintains that the evidence is insufficient to prove that she is unfit to be a parent to the children. But the undisputed evidence shows that Mother has been battling a serious substance abuse problem since her divorce from Father. As recently as March 19, 2010, Mother tested positive for drugs, and she admitted to having taken Percocet and heroin prior to that test. Mother is currently participating in a drug court program, which involves regular drug screening, as a result of her arrest for dealing in heroin. At the time of that arrest in 2009, Mother was four months pregnant, but was unaware of the pregnancy. Mother has had only supervised visitation with the children since 2007, and she has not sought unsupervised visitation. And Father and Stepmother testified that T.F. and K.F.'s visits with Mother cause the children stress. Again, Mother's contention on appeal amounts to a request that we reweigh the evidence. The evidence is sufficient to prove that Mother is unfit to be a parent.[4] *See In re Adoption of T.W.*, 859 N.E.2d 1215, 1218 (Ind.Ct.App.2006) (holding evidence sufficient to prove father unfit where father had history of drug abuse and criminal activity).

### Conclusion

■ This court recently reiterated that the purpose of Indiana's adoption statutes is to protect and promote the welfare of children by providing them with stable family units. *In re Adoption of N.W.*, 933 N.E.2d 909 (Ind.Ct.App.2010). On occasion we have observed that the relationship between parent and child is a bundle of human rights of such fundamental importance that adoption statutes, being in derogation of the common law, should be strictly construed in favor of a worthy parent and the preservation of such relationship. *Id.* However, in evaluating the parent-child relationship, the best interest of the child is paramount and our main concern should lie with the effect of the adoption on the reality of the minor child's life. *Id.*

Here, the evidence shows that Mother failed to provide care and support for the children for at least one year and that she is unfit to be a parent. Mother's drug addiction has persisted for most of the children's lives, and while Mother has made some strides in her efforts to stay off of drugs, her March 2010 admission that she snorted heroin shows that her struggle with dependency continues. In the meantime, Father and Stepmother have provided a loving and caring home for the children, and they are thriving there. Mother has not demonstrated that any of the trial court's findings or conclusions are clearly erroneous, which is our standard of review. We will not reweigh the evidence on appeal. The trial court did not err when it granted Stepmother's adoption petition without Mother's consent.

Affirmed.

BAKER, C.J., and MATHIAS, J., concur.

---

4. Mother does not present cogent argument challenging the sufficiency of the evidence on the issue of whether the adoption is in the children's best interests.