**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTINA L. LYNN**
Lynn and Stein, P.C.
Wabash, Indiana

ATTORNEY FOR APPELLEES:

**ELDON E. STOOPS, JR.**
North Manchester, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE: THE ADOPTION OF C.H., | ) | |
| | ) | |
| M.W., | ) | |
| | ) | |
|     Appellant-Respondent, | ) | |
| | ) | |
|        vs. | ) | No. 85A02-1205-AD-449 |
| | ) | |
| B.H. and V.H., | ) | |
| | ) | |
|     Appellees-Petitioners. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen III, Judge
Cause No. 85C01-1105-AD-6

**December 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

M.W. ("Mother") appeals the trial court's post-hearing order concluding that Mother's consent to the adoption of her child, C.H., is not required under Indiana Code Section 31-19-9-8. Mother presents a single issue for review, namely, whether the evidence is sufficient to support the trial court's determination.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Mother gave birth to C.H. on October 21, 2008. Mother was not married to C.H.'s putative father, who died a few months before C.H. was born. B.H. and V.H. ("the Grandparents") are the putative father's parents.

Mother, her boyfriend, and C.H. lived with the Grandparents on at least one occasion in C.H.'s first year. In March 2010, C.H. was placed with the Grandparents in a Child in Need of Services ("CHINS") proceeding, and Mother was ordered to pay twenty-five dollars weekly child support. Mother never paid support as ordered, either through the court or directly to the Grandparents. Mother initially had supervised visitation with C.H., which was eventually changed to unsupervised visitation in June 2011. Visitation ended in August when Mother turned herself in on an arrest warrant for conversion.

On May 20, 2011, the Grandparents filed a verified petition to adopt C.H. and a request that the court waive Mother's consent under Indiana Code Section 31-19-9-8.[1] On February 22, 2012, the court held a hearing on the request to waive parental consent.

---

[1] Mother has not included a copy of the adoption petition or the request to waive parental consent in the record on appeal.

And on March 6, the court entered its order, concluding that Mother's consent to C.H.'s

adoption was not required ("Order"). The Order provides, in relevant part:

> [The Grandparents] have proven by clear, cogent and indubitable evidence that the Natural Mother's consent is not required under I.C. [§] 31-19-9-8(2)(B).
>
> The Court does not believe that the Natural Mother was not aware that she was ordered to pay child support in a related CHINS and paternity proceeding. The Court takes judicial notice of 85C01-1002-JC-2 and 85C01-1001-JP-2.
>
> The Natural Mother is claiming she is disabled and seeking [S]ocial [S]ecurity. She has been denied but testified she has hired an attorney to further pursue her claim. Significantly, her own Exhibit A reflects on page 2 that she has self-employment income of $200.00 per moth for house cleaning from January 2010, continuing (to at least 12/7/10). Mom is apparently able to perform some physical labor. She testified she has not otherwise sought employment because she was advised not to while she pursues disability.
>
> The Natural Mother has paid zero support. She has made token efforts to otherwise offer support by supplying diapers on one occasion and leftover food following supervised visitation.
>
> When the Natural Mother needs money, she has been able to find it. She needed bus fare to attend a funeral, and she found it. She need [sic] to pay fees towards a conversion charge in Huntington, she found it. Natural Mother has no incentive to seek any employment since her needs were being met by public assistance and others. The Court recognizes Natural Mother may not have been able to pay the ordered, but modest sum of $25.00 per week, however, she could and should have paid something. Instead, and inaccurately, she claims the disability benefits she procured on behalf of the child as a result of his father's death, a death benefit which was transferred to the [Grandparents] when they received custody, should be credited to her.
>
> Further, other than her self-serving testimony as to her specific disability she presented no evidence that she is, in any way, disabled.
>
> Accordingly, the adoption may proceed without the Natural Mother's consent.

Appellant's App. at 5-6. Mother filed a motion to correct error. The trial court denied that motion and determined that the Order is a final appealable judgment.[2] Mother now appeals.

## DISCUSSION AND DECISION

Mother contends that the trial court erred when it concluded that her consent to the adoption of C.H. is not required pursuant to Indiana Code Section 31-19-9-8. When reviewing the trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion, and the trial court reached the opposite conclusion. In re Adoption of M.A.S., 815 N.E.2d 216, 218 (Ind. Ct. App. 2004). We will not reweigh the evidence, but instead will examine the evidence most favorable to the trial court's decision together with reasonable inferences drawn therefrom, to determine whether sufficient evidence exists to sustain the decision. Id. The decision of the trial court is presumed to be correct, and it is the appellant's burden to overcome that presumption. Id.

The most protected status in any adoption proceeding is that of the natural parent. Stout v. Tippecanoe Co. Dep't of Public Welfare, 182 Ind. App. 404, 395 N.E.2d 444, 449 (Ind. Ct. App. 1979). Recognizing the fundamental importance of the parent-child relationship, our courts have strictly construed the statute to preserve that relationship. Id. However, even the status of natural parent, though a material consideration, is not one which will void all others, and under carefully enumerated circumstances, the statute allows the trial court to dispense with parental consent and allow adoption of the child.

---

[2] Mother did not include a copy of the order denying her motion to correct error in the record on appeal.

4

Indiana Code Section 31-19-11-1 provides that the trial court "shall grant the petition for adoption and enter an adoption decree" if the trial court hears evidence and finds, in part, that "the adoption requested is in the best interest of the child" and "proper consent, if consent is necessary, to the adoption has been given." According to Indiana Code Section 31-19-9-8(a):

> Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:
>
> * * *
>
> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
> * * *
>
> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

Thus, the Grandparents were required to prove by clear and convincing evidence that Mother's consent was not required.[3] See In re Adoption of T.W., 859 N.E.2d 1215, 1217 (Ind. Ct. App. 2006).

Mother contends that the Grandparents did not prove by clear and convincing evidence that her consent was not required for failing to pay child support. Specifically, she argues that the Grandparents did not prove that she knowingly failed to provide for the care and support of C.H. when able to do so. But the evidence shows that Mother has been unemployed since before C.H. was born and has not attempted to find regular

---

[3] The Grandparents argue, and we agree, that the trial court applied an incorrect burden in the Order when it concluded that the Grandparents had proved by "clear, cogent and indubitable evidence" that Mother's consent to the adoption is not required. Appellant's App. at 5. But because that burden is even higher than the correct clear and cogent evidence burden, see In re Adoption of T.W., 859 N.E.2d at 1217, the error is harmless.

employment because she was applying for disability. But in her 2010 disability application, she stated that she was disabled but was self-employed helping a friend clean a house from January through at least December 7, 2010. She was paid $200 per month for that, which she used to pay her rent. Further, the trial court found that, "[w]hen [she] needs money, she has been able to find it." Appellant's App. at 6. For instance, she brought toys, diapers, and food items to C.H. during visitations, and she obtained bus fare to go to a funeral in Ohio and to eventually return to Indiana. The trial court determined that she could have paid some amount, even if not the full twenty-five dollars weekly, for child support but failed to do so.

Still, Mother maintains that the Grandparents did not meet their burden under Indiana Code Section 31-19-9-8(a). In support, she cites case law showing that the ability to buy personal items such as cigarettes and gas is insufficient to show an ability to pay twenty dollars weekly child support. See In re Adoption of H., 439 N.E.2d 1376, 1377 (Ind. Ct. App. 1982). She also cites Snyder v. Shelby County Department of Public Welfare, where the court held that a mother's gifts to her children did not show a willful failure to pay child support because those gifts were in anticipation of the children's return to her home. 418 N.E.2d 1171, 1181 (Ind. Ct. App. 1981). Similarly, Mother's failure to pay was due partly to her period of incarceration and term of unemployment. Id. at 1182. Finally, Mother cites In re Adoption of N.W., where the court held that proof of employment and income are not the only components in determining a parent's ability to pay child support. 933 N.E.2d 909, 913 (Ind. Ct. App. 2010), trans. denied.

6

While each of the cases Mother cites involves one or more factual elements similar to the present facts, we must consider the totality of the circumstances when determining her ability to pay support. See In re Adoption of K.F., 935 N.E.2d 282, 288 (Ind. Ct. App. 2010), trans. denied. And we note initially that here, the trial court clearly found Mother not credible. Mother initially testified at the hearing that she was unaware that she was supposed to pay support or that her ability to pay support would be an issue at the hearing, but she later conceded both points. She testified about a tumor on her spine, tingling in her legs, and back pain, but did not bring medical records or other documentation to support her contention that she is in any way disabled. Moreover, she testified that when she is with C.H. she feels no pain. And she does not explain how, with her condition, she was able to work cleaning a house in 2010 for $200 per month, the exact amount of her rent.

The trial court found that Mother is able to perform some physical labor but is making no attempt to work because her "needs were being met by public assistance and others." Appellant's App. at 6. And despite Mother's self-described disability and medical issues, she had walked to the courthouse for the trial wearing high heels, shoes she later conceded that the doctor would "absolutely not" recommend that she wear. Transcript at 45. The trial court found that Mother could have provided some support, even if not the full twenty-five dollars per week, but did not. As a result, the court concluded that Mother had knowingly failed to provide support when able to do so. While we may not have reached the same conclusion at the trial level, we cannot say that the evidence leads to the opposite conclusion. See In re M.A.S., 815 N.E.2d at 218.

Mother has not shown that the evidence is insufficient to support the trial court's conclusion that her consent to the adoption is not required under Indiana Code Section 31-19-9-8(a)(2)(B).

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.