# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2017, 9:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Elizabeth Eichholtz Walker
Casandra Ringlespaugh
Cohen & Malad, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Ryan P. Dillon
Maritza K. Webb
Dillon Legal Group, P.C.
Franklin, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Matter of Adoption of A.R.; | July 27, 2017 |
| L.R. and P.R., | Court of Appeals Case No. 55A01-1702-AD-267 |
| *Appellants-Petitioners,* | Appeal from the Morgan Circuit Court |
| v. | The Honorable Matthew G. Hanson, Judge |
| D.K.B., | Trial Court Cause Nos. 55C01-1610-AD-109 55C01-0702-JP-64 |
| *Appellee-Respondent.* | |

**Robb, Judge.**

# Case Summary and Issue

[1] D.B. ("Father") and P.R. ("Mother") are the parents of a single child, A.R. For a period exceeding one year, during a majority of which Father was voluntarily admitted to inpatient treatment for drug addiction, Father failed to pay child support. P.R.'s spouse, L.R. ("Stepmother"), filed a verified petition seeking to adopt A.R. The petition alleged Father's consent to the adoption is not required because he failed to pay child support for a period of at least one year. Following a hearing, the trial court determined Father's consent is required because he was not able to pay child support while in treatment. Mother and Stepmother now appeal, raising two issues for our review, which we consolidate and restate as whether the trial court erred in concluding Father's consent to the adoption of A.R. is required. Concluding Father's consent to the adoption is not required, we reverse and remand for further proceedings.

# Facts and Procedural History

[2] A.R. was born in 2006. For most of A.R.'s life, Father has struggled with drug addiction and has failed to remain sober or consistently pay his child support. Eventually, Father stopped exercising unsupervised parenting time because his substance abuse began to interfere with his ability to safely care for A.R. Father's drug addiction eventually led the trial court to suspend his parenting time until he sought help. Meanwhile, Mother raised and cared for A.R. on her own. When A.R. was approximately five years old, Mother began a

relationship with Stepmother. Mother and Stepmother married in 2016 and Stepmother provides A.R. with stability, love, and financial support.

[3] Since 2013, Father has owed $52.00 per week in child support payments. In 2015, Father earned approximately $300.00 to $600.00 per week working for Johnson's Floor Covering, and worked there until about October of 2015. After July of 2015, Father stopped making child support payments. On November 16, 2015, Father voluntarily admitted himself into treatment at the Indiana Dream Team ("IDT").

[4] IDT is a residential drug and alcohol rehabilitation center located in Spencer, Indiana. IDT has strict policies on who is admitted into its program. Treatment at IDT can last up to several years. IDT's program is free to individuals, but participants are required to work on and off the grounds to earn money and supplies for IDT to pay for their room, board, necessities, and therapy. In late 2015, IDT began doing more work off the premises to earn funds to assist participants with child support obligations and reentry into society. Although work is sometimes sporadic, IDT participants are permitted to receive up to twenty percent of what they earn for IDT. This money is placed into a joint bank account under IDT control with expenditures approved by IDT.

[5] Father began working "forty [or] fifty hour [weeks]" immediately upon his admission to IDT, although he did not immediately begin receiving a paycheck. Tr. at 77. In addition, shortly after entering IDT, Father petitioned the trial

court to suspend his child support while in the program and reinstate his supervised parenting time. The trial court denied Father's request to suspend his child support payments. In June of 2016, IDT opened a joint bank account for Father and deposited $100.00. Father made his first child support payment of 2016 on August 10.

[6] On October 19, 2016, Stepmother filed her verified petition to adopt A.R. Stepmother's petition alleged Father's consent to the adoption was not required because Father had abandoned A.R. and had failed to provide child support while able to do so for a period exceeding one year. On January 10, 2017, the trial court held an evidentiary hearing on the issue of whether Father's consent to A.R.'s adoption was required. Shortly thereafter, the trial court issued its order finding Father's consent to the adoption is required. The trial court found, in relevant part:

5. Initially, there has been a valid support order in place for some time in this case and there is no dispute that a legal obligation by decree does exist.

6. Second, there is no doubt that for a period of one (1) year [Father] did not pay support.

* * *

8. The question at hand, however, is whether or not he was "able to do so."

* * *

10. [A]lthough [Father] held some jobs and paid some support over the years, he admitted when questioned that a lot of his money went to pay for drugs.

11.    That [Father's] lifestyle also has caused him to have some criminal trouble.

12.    That on November 16, 2015, [Father] self-admitted himself into [IDT] which is a residential drug and alcohol treatment program located in Spencer, Indiana.

* * *

22.    That near the end of 2015 and then more into the year IDT began to assist the men in earning some funds to go to child support, bills owed or even as a nest egg for the men when they were released into the community.

* * *

28.    That starting around June of 2016, [Father] was provided a small account, has been receiving a small percentage of money from the work he has done, and has been paying some support.

29.    Still, as stated above, these payments were beyond the year where no payments were made.

30.    However, the timeline that is involved herein that [Mother] is relying upon encompasses a large portion of the past year and a half that [Father] has been at IDT.

* * *

32.    On the one hand, [Father] did not pay support for a period of one year when he was technically "able to do so."

33.    However, on the other hand, [Father] has taken it upon himself to not only lock himself down at a facility to rehabilitate himself, but he has clearly been successful in striving to change his life for he [sic] and his child.

* * *

35.   That while the law is clear on the one (1) year of non-payment, it is also clear that there must be a determination that [Father] had the ability to pay.

* * *

41.   Yes, he technically is able to "pay", however, it is only a slight amount based upon guidelines and policies that were only established in mid-late 2016 at IDT.

42.   That [Father's] steps to better himself, clean himself up, and make it possible to not only be a better person for himself, but also his child, is not something that can be overlooked here.

43.   As such, the court is going to find that [Father] was not able to work in the classic sense as he was rehabilitating himself after years of substance abuse.

* * *

45.   Therefore, [Mother's] request to waive [Father's] ability to object to the adoption is denied.

Appendix to Appellant's Brief, Volume II at 13-16. Mother and Stepmother now appeal.

# Discussion and Decision

[7]   Mother and Stepmother contend that the trial court erred in concluding that Father's consent to the adoption of A.R. is required pursuant to Indiana Code section 31-19-9-8.

[8]   "When reviewing the trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion and the trial

judge reached an opposite conclusion." *Rust v. Lawson*, 714 N.E.2d 769, 771 (Ind. Ct. App. 1999), *trans. denied*. We presume the trial court's decision is correct, and we consider the evidence in the light most favorable to the decision. *Id.* at 771-72.

[9] Moreover, where, as here, the trial court has made findings of fact and conclusions thereon, we apply a two-tiered standard of review: "we must first determine whether the evidence supports the findings and second, whether the findings support the judgment." *In re Adoption of T.W.*, 859 N.E.2d 1215, 1217 (Ind. Ct. App. 2006). Factual findings "are clearly erroneous if the record lacks any evidence or reasonable inferences to support them [and] . . . a judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings." *Id.*

[10] Indiana law provides a parent's consent to adoption is not required "if for a period of at least one (1) year the parent . . . knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree." Ind. Code § 31-19-9-8(a)(2)(B). The burden to prove this statutory criteria is satisfied by clear and convincing evidence and rests squarely upon the petitioner seeking to adopt. *In re Adoption of M.A.S.*, 815 N.E.2d 216, 220 (Ind. Ct. App. 2004). The "petitioner for adoption must show that the non-custodial parent had the ability to make the payments which he failed to make." *In re Adoption of Augustyniak*, 508 N.E.2d 1307, 1308 (Ind. Ct. App. 1987), *trans. denied*. To determine that ability, it is necessary to consider the totality of the

circumstances. *In re Adoption of K.F.*, 935 N.E.2d 282, 288 (Ind. Ct. App. 2010), *trans. denied*.

[11] As noted in the trial court's findings, there is no question Father did not make child support payments for a period exceeding one year; the question is whether Father had the ability to do so. *See* Ind. Code § 31-19-9-8(a)(2)(B). Mother and Stepmother argue the trial court's judgment is clearly erroneous because it is not supported by the findings of fact. We agree.

[12] Here, the one year period in which Father failed to pay child support is July 31, 2015 to August 10, 2016. The record reflects that, in 2015, Father was employed by Johnson's Floor Covering where he worked to install carpets and earned around $300.00 to $600.00 per week. Father stopped working for Johnson's Floor Covering approximately "six weeks" before entering rehab on November 16, 2015. Tr. at 16. Therefore, regardless of his time spent at IDT, Father failed to pay child support for at least two of those twelve months while still employed and able to do so.

[13] Moreover, in *Lambert v. Lambert*, 861 N.E.2d 1176 (Ind. 2007), our supreme court held "incarceration does not relieve parents of their child support obligations." *Id.* at 1177. And unlike the father in *Lambert*, Father was not incarcerated or serving a sentence, but voluntarily entered rehab to rid himself of his drug addiction. Father's lack of payment while able to do so and the necessity of rehabilitation are the result of his own poor choices and judgment. While we commend Father for his efforts to turn his life around, he was still

obligated to pay child support and was able to do so as evidenced by the fact he worked "forty [or] fifty hour [weeks]" while at IDT.[1]

[14] The trial court's findings of fact reflect these evidentiary observations. In its order denying Mother's and Stepmother's request to waive Father's consent to the adoption of A.R., the trial court twice states Father was "technically . . . able to [pay child support.]" App. to Appellants' Br., Vol. II at 15, 16. These findings of fact are supported by the evidence and Indiana law is clear that consent to an adoption is not required from a parent who "knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree[]" for a period of at least one year. Ind. Code § 31-19-9-8(a)(2)(B). Therefore, the trial court's judgment that Father's consent to A.R.'s adoption is required is not supported by its findings of fact and is clearly erroneous.

[15] Nevertheless, a petition for adoption is not automatically granted upon a showing that a natural parent failed to provide support when able to do so. *In re Adoption of N.W.*, 933 N.E.2d 909, 914 (Ind. Ct. App. 2010), *adopted by In re Adoption of N.W.*, 941 N.E.2d 1042 (Ind. 2011). Once the statutory requirements are met, the court may then look to the arrangement which will be in the best interest of the child. *Id*; *see also* Ind. Code § 31-19-11-1(a). The evidentiary hearing held in this case only addressed the issue of whether

---

[1] We note the trial court denied Father's motion seeking a suspension or modification of child support payments while at IDT.

Father's consent was required and neither party presented evidence regarding A.R.'s best interest. Therefore, we remand to the trial court to determine whether adoption will be in A.R.'s best interest. *See* Ind. Code § 31-19-11-1(a).

# Conclusion

[16] We conclude the trial court's judgment that Father's consent to A.R.'s adoption is required is clearly erroneous. Accordingly, we reverse the trial court's determination that Father's consent is required and remand for further proceedings to determine whether adoption is in A.R.'s best interest.

[17] Reversed and remanded.

Vaidik, C.J., and Bailey, J., concur.