# FOR PUBLICATION



ATTORNEY FOR APPELLANTS:

**ELDEN E. STOOPS, JR.**
North Manchester, Indiana

ATTORNEY FOR APPELLEE:

**M. JOSH PETRUNIW**
Wabash, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE ADOPTION OF K.S., A Minor Child: )<br>)<br>A.S. AND D.S., )<br>)<br>    Appellants-Petitioners, )<br>)<br>        vs. )<br>)<br>C.Z., )<br>)<br>    Appellee-Respondent. ) | No. 85A04-1205-AD-243 |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen III, Judge
Cause No. 85C01-1112-AD-29

**December 5, 2012**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

Appellants-Petitioners, D.S. (Father) and A.S. (Stepmother) (collectively, Appellants), appeal the trial court's denial of their Verified Petition for Adoption of the minor child, K.S.

We reverse and remand for further proceedings.

## ISSUE

Appellants raise two issues on appeal, which we consolidate and restate as: Whether the trial court erred in concluding that the natural mother's consent to the adoption of her minor child by Stepmother was required.

## FACTS AND PROCEDURAL HISTORY

Father and C.P. (Mother) are the parents of K.S., born on January 4, 2005. On January 27, 2006, Father and Mother's marriage was dissolved, with the parents being granted joint legal custody and Father receiving physical custody. Mother was granted visitation "as is agreed to between the parties from time to time." (Appellant's App. p. 14). While the trial court did not enter a support order for K.S., the parties agreed that Mother "shall be responsible for assisting [Father] with the expenses related to the care and upbringing of the parties' minor child." (Appellant's App. p. 14). On December 3, 2009, Father filed a verified petition for support, which was granted by the trial court on January 11, 2010, setting a support order in the amount of forty dollars per week and making the order retroactive to the date of filing. On October 11, 2010, Father married Step-Mother.

2

From January to November 2010, Mother was employed either full-time or part-time. After November 2010, Mother was placed on bed rest due to complications related to her pregnancy. In September 2011, Mother gained full-time employment again, however, she resigned from her position the following month because she claimed that her daycare expenses for her two younger children would exceed her wages. At no point did Mother pay anything towards her support order for K.S. On May 4, 2012, the trial court held Mother in contempt for failing to pay child support. The trial court determined "[h]er arrears [to be] likely in excess of $10,000" and also sanctioned her to pay $500 towards Father's attorney fees. (Appellant's App. p. 20).

Between April 2009 and January 2010, Mother did not visit K.S. Throughout 2010, Mother had sporadic visitation with K.S.: there were no overnight visits and she averaged eleven and one half hours of visitation per month. In 2011, Mother averaged nineteen and three-quarters hours of visitation per month, which included eight overnight visits. During the first three months of 2012, no visits occurred between Mother and K.S.

During the eight overnight visitations, Mother tried to plan something special, like slumber parties or movies. She took K.S. to Halloween activities at the Zoo and bought her Holiday and birthday gifts. In April 2011, Mother took K.S. on a family trip to the Indiana Dunes. While other family members paid for Mother's and K.S.'s trip, Mother purchased souvenirs and candy for K.S.

On December 19, 2011, Father and Step-Mother filed a verified petition for adoption and affidavit and request to terminate Mother's parental rights to K.S. In their petition, Appellants requested the trial court to waive Mother's consent to the adoption

pursuant to Ind. Code § 31-19-9-8. On March 19, 2012, after a hearing, the trial court held that Appellants "have failed to prove by clear, cogent, and indubitable evidence that the [Mother's] consent is not required." (Appellant's App. p. 12).

Appellants now appeal. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Appellants contend that the trial court erred in denying their petition for adoption when it concluded that Mother's consent for the adoption of her minor child is required pursuant to Indiana Code section 31-19-9-8.

When reviewing the trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion, and the trial court reached the opposite conclusion. *In Re Adoption of M.A.S.,* 815 N.E.2d 216, 218 (Ind. Ct. App. 2004). We will not reweigh the evidence, but instead will examine the evidence most favorable to the trial court's decision together with reasonable inferences drawn therefrom, to determine whether sufficient evidence exists to sustain the decision. *Id.* The decision of the trial court is presumed to be correct, and it is the appellant's burden to overcome that presumption. *Id.*

The most protected status in any adoption proceeding is that of the natural parent. *Stout v. Tippecanoe Co. Dept. of Public Welfare*, 395 N.E.2d 444, 449 (Ind. Ct. App. 1979). Recognizing the fundamental importance of the parent-child relationship, our courts have strictly construed the statute to preserve that relationship. *Id.* However, even the status of natural parent, though a material consideration, is not one which will void all

4

others, and under carefully enumerated circumstances, the statute allows the trial court to dispense with parental consent and allow adoption of the child.

Indiana Code section 31-19-11-1 provides that the trial court "shall grant the petition for adoption and enter an adoption decree" if the trial court hears evidence and finds, in part, that "the adoption requested is in the best interest of the child" and "proper consent, if consent is necessary, to the adoption has been given." According to Indiana Code section 31-19-9-8(a):

> Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:
>
> * * *
>
> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
> * * *
>
> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.
>
> * * *
>
> (11) A parent if:
> (A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and
> (B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

Thus, Appellants were required to prove by clear and convincing evidence that Mother's consent was not required. *See In Re Adoption of T.W.*, 859 N.E.2d 1215, 1217 (Ind. Ct.

5

App. 2006).[1]   The provisions of Indiana Code section 31-19-9-8 are written in the disjunctive; therefore they each provide independent grounds for dispensing with parental consent.  *In re Adoption of T.W.*, 859 N.E.2d 1215, 1218 (Ind. Ct. App. 2006). Regardless of which provision is relied upon, adoption is granted only if it is in the best interests of the child.  I.C. § 31-19-11-1(a).

Appellants now contend that despite receiving an income in 2010 and part of 2011, Mother willfully failed to financially support her minor child and therefore her consent to the adoption is no longer required.  "A petitioner for adoption must show that the non-custodial parent had the ability to make the payments which he failed to make." *See In Re Adoption of Augustyniak*, 505 N.E.2d 868, 873 (Ind. Ct. App. 1987), *opinion on reh'g*, 508 N.E.2d 1307, 1309 (Ind. Ct. App. 1987), *trans. denied*; *Matter of Adoption of D.H. III*, 439 N.E.2d 1376, 1378 (Ind. Ct App. 1982).  The mere showing that Mother had a regular income, standing alone, is not sufficient to indicate Mother's *ability* to provide support.  *See In Re Adoption of Augustyniak*, 508 N.E.2d at 1309 (Proof of employment and income are necessary components in determining the ability to provide support, but they are not the only components).  Rather, we have stated that

> To determine that ability, it is necessary to consider the totality of the circumstances.  In addition to income, it is necessary to consider whether that income is steady or sporadic and what the non-custodial parent's necessary and reasonable expenses were during the period in question.

*In re adoption of K.F.*, 935 N.E.2d 282, 288 (Ind. Ct. App. 2010).

---

[1] Both parties allege—and we agree—that the trial court erred in requiring Appellants to prove the statutory elements by "clear, cogent, and indubitable evidence."  *See* Appellants' App. p. 12.

Here, the record reflects that Mother was employed between January and November 2010, either full-time or part-time. After November 2010, Mother was placed on bed rest due to complications related to her pregnancy and did not return to work until September 2011. She resigned from her position the following month to stay at home with her two younger children. On May 4, 2012, fifteen days before the order in the adoption proceedings was issued, the trial court, after a hearing, held Mother in contempt for failing to pay child support. In the contempt proceedings, the trial court determined "[h]er arrears [to be] likely in excess of $10,000" and also sanctioned her to pay $500 towards Father's attorney fees. (Appellant's App. p. 20). As we have noted previously, a trial court cannot hold a parent in contempt for failing to pay child support unless the parent had the ability to pay and the failure to do so was willful. *In re Paternity of C.N.S.*, 901 N.E.2d 1102, 1106 (Ind. Ct. App. 2009). Therefore, because Mother was found in contempt a mere fifteen days prior to the hearing in the instant cause, we must necessarily find that Mother had the ability to financially support K.S. and willfully failed to do so. Because the child support order was issued on January 11, 2010 and made retroactive to December 3, 2009 and the petition for adoption was filed on December 19, 2011, Mother willfully failed to pay support for more than one year. *See* I.C. § 31-19-9-8(a)(2)(B).[2]

Mother points to our decision in *M.W. v. A.W. (In re N.W.),* 933 N.E.2d 909, 914 (Ind. Ct. App. 2010), *adopted in M.W. v. A.W. (In re N.W.),* 941 N.E.2d 1042 (Ind. 2011),

---

[2] Although the contempt order did not indicate the time period for which Mother failed to pay child support, Mother testified during the adoption proceedings that she had never financially contributed to K.S.'s support.

7

which held that a parent's duty to support a minor child can be defined in nonmonetary terms. As such, Mother references the trips they made and the gifts she purchased. While we agree with Mother's interpretation of *In re N.W.*, we find the case not dispositive in the instant situation. In *N.W.*, mother was not subject to a judicial decree to pay child support; in fact, the trial court explicitly concluded that mother had a negative child support obligation. *Id.* As a result, we determined that "even though no court order to pay child support may exist, [m]other still had a duty to support N.W. However, because the trial court already determined that [m]other's child support is negative, this 'duty of support' might be defined in nonmonetary terms." *Id.* To the contrary, here, Mother was subject to and found to be in contempt of a monetary child support order.

Nevertheless, we are mindful that a petition for adoption is not automatically granted following a showing that a natural parent failed to provide support when able to do so. Once the statutory requirements are met, the court may then look to the arrangement which will be in the best interest of the child. *Id.* The purpose of Indiana's adoption statutes is to protect and promote the welfare of children by providing them with stable family units. *Id.* On occasion we have observed that the relationship between parent and child is a bundle of human rights of such fundamental importance that adoption statutes, being in derogation of the common law, should be strictly construed in favor of a worthy parent and the preservation of such relationship. *Id.* at 914-15. However, in evaluating the parent-child relationship, the best interest of the child is paramount and our main concern should lie with the effect of the adoption on the reality of the minor child's life. *Id.* at 915.

During the instant proceedings, the parties and the trial court focused on the statutory requirements to waive Mother's consent to the adoption of K.S. by Step-Mother. Specifically, the trial court noted on the record "the only issue today is consent. [] so, we'll solve that today and then decide where we go from there." (Transcript p. 4) The parties did not present any evidence with regard to the impact of the adoption on K.S.'s life and whether the severance of her ties with Mother would be in K.S.'s best interest. Therefore, we remand to the trial court to determine whether the adoption will be in K.S.'s best interest. *See* I.C. § 31-19-11-1(a).

<u>CONCLUSION</u>

Based on the foregoing, we conclude that Mother's consent to the adoption of her minor child by Stepmother was not required. However, we remand for further proceedings to determine whether the adoption is in K.S.'s best interest.

Reversed and remanded for further proceedings.

BAILEY, J. and CRONE, J. concur