**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 18 2014, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEY FOR APPELLEE:

**TRENNA S. PARKER**
Parker & Maguire Law Firm, P.C.
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE ADOPTION OF D.E.C.; B.C., | ) ) ) |
| Appellant-Respondent, | ) ) |
| vs. | ) No. 29A05-1307-AD-369 |
| P.L., | ) ) ) |
| Appellee-Petitioner. | ) |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
Cause No. 29D04-1201-AD-106

**February 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

B.C. ("Father") and A.L. ("Mother") share a child, D.E.C. Mother married P.L. ("Stepfather"); Stepfather sought to adopt D.E.C. The trial court found that Father's consent to Stepfather's adoption of D.E.C. was not necessary, and that the adoption was in D.E.C.'s best interests.

Father appeals; we affirm.

**Issue**

Father raises a single issue for our review, whether the trial court erred as a matter of law when it found the adoption to be in D.E.C.'s best interests without making an express assessment of the effect on D.E.C. of the severance of Father's parental rights as a result of the adoption.

**Facts and Procedural History**

Mother and Father engaged in a relationship that resulted in the birth of D.E.C. in April 2006. From February 2007 onward, Father abused marijuana, cocaine, and alcohol. Father was verbally abusive of Mother, and on several occasions was physically violent toward Mother. Mother eventually began dating and in December 2007 married Stepfather.

Until September 2010, Father had visitation with D.E.C. In September 2010, Father was charged with Battery and Criminal Confinement against a woman; Father's visitation was suspended, and the trial court found that Father had been abusing alcohol, incurred criminal charges in Illinois as well as Indiana, and had committed violent acts while D.E.C. was present in the home. Father also fell behind on child support payments, and suffered

2

from mental health conditions including substance dependency and bipolar disorder. Father failed to seek adequate treatment for his disorders, routinely missed appointments, and displayed continual violence toward family members.

On January 31, 2012, Mother and Stepfather filed a petition for stepparent adoption. Several evidentiary hearings were conducted, and a final adoption hearing was conducted on May 10, 2013.

On May 30, 2013, the trial court entered its order finding that it could dispense with obtaining Father's consent to the adoption, and ordering the adoption of D.E.C. by Stepfather. On June 6, 2013, the trial court entered its adoption decree.

This appeal ensued.

## Discussion and Decision

Father contends that the trial court erred when it did not make an express consideration of the effect upon D.E.C. of the termination of Father's rights, and directs us to In re Adoption of K.S., 980 N.E.2d 385 (Ind. Ct. App. 2012), in support of that proposition.

Our standard of review in cases related to adoption proceedings is well settled.

> When reviewing the trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion, and the trial court reached the opposite conclusion. We will not reweigh the evidence, but instead will examine the evidence most favorable to the trial court's decision together with reasonable inferences drawn therefrom, to determine whether sufficient evidence exists to sustain the decision. The decision of the trial court is presumed to be correct, and it is the appellant's burden to overcome that presumption.

K.S., 980 N.E.2d at 387 (Ind. Ct. App. 2012) (citations omitted).

3

A natural parent has the most protected status in any adoption proceeding, and our courts have strictly construed the adoption statute to preserve the parental relationship. Id. However, "even the status of natural parent … is not one which will void all others," and under certain "carefully enumerated circumstances" our adoption statutes permit the trial court to dispense with a natural parent's consent and allow a child's adoption. Id.

A trial court "shall grant the petition for adoption and enter an adoption decree" when it finds that "the adoption requested is in the best interest of the child" and other statutory requirements are met. I.C. § 31-19-11-1(a)(1). Among these requirements is that "proper consent, if consent is necessary, to the adoption has been given." I.C. § 31-19-11-1(a)(7). A court may dispense with consent in certain cases. I.C. § 31-19-9-8. Among these cases, consent from a child's parent may be dispensed with if "(A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and (B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent." I.C. § 31-19-9-8(11).

Here, Father does not contend that the trial court erred when it found that he was unfit to be D.E.C.'s parent; nor does he contend that there was insufficient evidence to sustain the trial court's order. He argues only that the trial court did not enter sufficient findings on "whether the severance of [D.E.C.]'s ties with [Father] would be in [D.E.C.]'s best interest," K.S., 980 N.E.2d at 389, because the trial court's order did not "include any discussion or consideration of whether the severance" of the parental relationship was in D.E.C.'s best interest. (Appellant's Br. at 7.)

4

Unlike K.S., upon which Father relies, here the parties presented evidence concerning the effect of the adoption of D.E.C. upon the child's life. The trial court also entered extensive findings of fact concerning Father's history of substance abuse, inability to complete satisfactory treatment for his mental illness, and prior acts of violence toward Mother and other individuals. Some of Father's conduct toward Mother and other women occurred in D.E.C.'s presence and resulted in protective orders being issued to preclude contact other than supervised visitation between Father and D.E.C. These episodes were duly noted in the trial court's order. The court also took note of D.E.C.'s positive relationship with Stepfather, whom D.E.C. called "Dad," as well as the home study report's observation that "[m]aking [Stepfather's and D.E.C.'s] relationship legal is the desire of this entire family." (App'x at 117.) Based upon this evidence, the trial court found that dispensing with Father's consent and ordering the adoption would serve D.E.C.'s best interests.

Accordingly, we cannot conclude that the trial court failed to properly consider the effect upon D.E.C. of the adoption and the severance of the parental relationship with Father. We therefore affirm the trial court's order for adoption.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.