
FILED

Feb 14 2018, 5:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Erin L. Berger
Evansville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.H.,<br>*Appellant,*<br><br>v.<br><br>S.S.,<br>*Appellee.* | February 14, 2018<br><br>Court of Appeals Case No.<br>82A05-1708-AD-2069<br><br>Appeal from the Vanderburgh<br>Superior Court<br><br>The Honorable Leslie C. Shively,<br>Judge<br><br>Trial Court Cause No.<br>82D04-1511-AD-145 |

**Pyle, Judge.**

## Statement of the Case

This case is another example of how substance abuse is savaging the familial bonds within Indiana and around the country. *See* Katherine Q. Seelye, *Children of Heroin Crisis Find Refuge in Grandparents' Arms*, The New York Times, May 21, 2016. In this case, J.H. ("Mother") appeals the trial court's order granting S.S.'s ("Paternal Grandmother") petition to adopt Mother's minor

son, J.S. ("J.S.").  Mother argues that the trial court erred in concluding that her consent to the adoption was not necessary because she is unfit.  Concluding that the evidence supports the trial court's conclusion that Mother is unfit and that her consent to the adoption was not necessary, we affirm the trial court's judgment.

We affirm.

# Issue

Whether the trial court erred in granting Paternal Grandmother's petition to adopt J.S.

# Facts

Mother and K.S. ("Father") were married in 2002.  Their son, J.S., was born in 2004.  Mother and Father began having marital problems in 2005 because of Mother's alcohol abuse.  Father filed a dissolution petition in 2006, and Mother was awarded primary custody of J.S. with the understanding that she was not to consume any alcoholic beverages or prescribed substances while J.S. was in her care.  Three weeks later, Mother was court-ordered to attend inpatient alcohol treatment, and J.S. was placed with Father.  The parties subsequently reconciled for sixty days until Father began finding vodka bottles in the back of Mother's car.  One afternoon, Father returned home to find Mother "in the garage fairly well tanked and after that it just got worse and worse."  (Tr. 103).

In February 2011, Mother and Father entered into an agreed dissolution decree. Fifteen months later Father filed an emergency petition to modify and suspend

parenting time wherein he alleged that Mother had a critical and ongoing drug and alcohol addiction and had been drinking to the point of intoxication during parenting time with J.S. According to the petition, although Mother had completed three inpatient drug and alcohol treatment programs in the past three years, she had relapsed and was in another inpatient treatment center. The following month, Mother began treatment at a behavioral health center where she was diagnosed with polysubstance abuse after she admitted to drinking a fifth of vodka daily and consuming pills, opiates, and benzodiazepines.

[5] In June 2011, Mother entered into an agreed order modifying her parenting time. Three months later, Father filed an emergency motion to suspend Mother's parenting time. In November 2011, Mother and Father filed an agreed order, which awarded Mother supervised parenting time. Mother agreed that her parenting time would be suspended if she failed drug or alcohol tests.

[6] In 2013, Mother was charged with and convicted of operating a vehicle while intoxicated endangering a person. During the pendency of the criminal matter, Mother participated in another substance abuse program. Two years later, in March 2015, Mother was arrested again and sent to a different substance abuse program.

[7] In November 2015, Paternal Grandmother filed a petition to adopt J.S., wherein she alleged that Mother's consent to the adoption was not necessary because Mother: (1) had abandoned J.S.; (2) had failed to communicate

significantly with J.S.; (3) had knowingly failed to support J.S. when she had the ability to do so; (4) was an unfit parent; and (5) had made only token efforts to support or communicate with J.S.

[8] In March 2016, Mother was charged with invasion of privacy, and three months later, she was charged with operating a motor vehicle with an alcohol concentration equivalent of .08 or higher with a prior conviction and possession of a controlled substance. Mother subsequently pled guilty to all charges and was placed on probation.

[9] At the June 2017 hearing on Paternal Grandmother's petition to adopt J.S., Mother admitted that, just days before the hearing, she had taken hydrocodone that was not prescribed for her. Father testified that Mother's "mental health [made] her unstable and . . . [it was the] reason that she turn[ed] to the substances." (Tr. 100). Father consented to the adoption. J.S.'s therapist testified that J.S. had a positive relationship with Paternal Grandmother and that the adoption was in J.S.'s best interest. The guardian ad litem (GAL) testified that Mother had had nine probation violations in the past year and had been to six different treatment centers in three different states over the past eight years. The GAL opined that Mother was not fit as a parent and recommended that the trial court grant the adoption petition.

[10] The evidence also reveals that although Mother has a Master's Degree in Social Work, she had experienced difficulty maintaining stable employment and was unemployed at the time of the hearing. She had recently worked at

McDonald's for two months until she was arrested at work. The evidence further reveals that Mother had not seen J.S. in over two years and had not had unsupervised visitation with him in over six years. Her last contribution to his expenses had been two to three years before the hearing.

[11] The trial court concluded that Mother's consent to the adoption was not required because she was unfit and had failed to communicate with and support J.S. The trial court also concluded that adoption was in J.S.'s best interest and granted Paternal Grandmother's petition. Mother now appeals.

## Decision

[12] At the outset, we note that Paternal Grandmother has failed to file an appellee's brief. When an appellee fails to submit a brief, we need not undertake the burden of developing an argument for the appellee. *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999). Applying a less stringent standard of review, we may reverse the trial court if the appellant can establish *prima facie* error. *Id.* However, we may in our discretion decide the case on the merits. *Kladis v. Nick's Patio, Inc.*, 735 N.E.2d 1216, 1219 (Ind. Ct. App. 2000). We choose to exercise our discretion in this case.

[13] Mother argues that the trial court erred in finding that her consent to Paternal Grandmother's adoption of J.S. was not required. When reviewing the trial court's ruling in an adoption proceeding, we will not disturb the ruling unless the evidence leads to one conclusion and the trial court reached an opposite conclusion. *In re Adoption of D.M.*, 82 N.E.3d 354, 358 (Ind. Ct. App. 2017).

We do not reweigh the evidence, but instead examine the evidence most favorable to the trial court's decision, together with the reasonable inferences to be drawn therefrom. *Id.* Further, we generally give considerable deference to the trial court's decision in family law matters because the trial court is in the best position to judge the facts, determine witness credibility, get a feel for the family dynamics, and get a sense of a parent and her relationship with her child. *In re Adoption of M.S.*, 10 N.E.3d 1272, 1281 (Ind. Ct. App. 2014).

[14]     INDIANA CODE § 31-19-9-8 provides, in relevant part, as follows:

> (a) Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:
>
>     \*      \*      \*      \*      \*
>
> (2) A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
>
>> (A) fails without justifiable cause to communicate significantly with the child when able to do so; or
>>
>> (B) knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.
>
>     \*      \*      \*      \*      \*
>
> (11) A parent if:
>
>> (A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and

> (B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.
>
> *   *   *   *   *
>
> (b) If a parent has made only token efforts to support or to communicate with the child the court may declare the child abandoned by the parent.

Paternal Grandmother, as the petitioner, had the burden of proving by clear and convincing evidence that Mother's consent was not required. *See In re Adoption of M.L.*, 973 N.E.2d 1216, 1222 (Ind. Ct. App. 2012).

[15] Here, the trial court concluded that Mother's consent to the adoption was not required because she was unfit.[1] Although the statute does not provide a definition of "unfit," in *M.L.*, we pointed out that termination cases provide useful guidance as to what makes a parent "unfit." *Id.* at 1223. In those cases, we considered factors such as a parent's substance abuse, mental health, willingness to follow recommended treatment, lack of insight, instability in housing and employment, and ability to care for a special needs child to determine whether a parent was unfit. *Id.* A parent's criminal history is also relevant to whether a parent is unfit. *D.M.¸* 82 N.E.3d at 359.

---

[1] Mother also challenges the trial court's conclusions that her consent to the adoption was not required because she had failed to communicate with and support J.S. However, the provisions of INDIANA CODE § 31-19-9-8 are written in the disjunctive and each provides independent grounds for dispensing with parental consent. *In re Adoption of K.S.*, 980 N.E.2d 385, 388 (Ind. Ct. App. 2012). Because we have found that Mother's unfitness rendered her consent unnecessary, we need not address her additional challenges to the trial court's order.

[16] In *M.L.,* where the father challenged the trial court's conclusion that he was an unfit parent, we noted the presence of these factors. *M.L.*, 973 N.E.2d at 1223. Specifically, we pointed out that the father had a long history of mental health and substance abuse issues, and there was no indication that he intended to quit drinking. He did not have stable employment or housing and had contributed little to his son's support. *Id.* at 1223-24. We concluded that this was sufficient evidence to support the trial court's conclusion that the father was not a fit parent. *Id.* at 224.

[17] Here, as in *M.L.*, these factors are present. Mother has a long history of mental health and substance abuse issues. Specifically, she has been to six different treatment centers in three different states over the past eight years and has previously drunk to the point of intoxication during parenting time with J.S. Mother has also been arrested for several alcohol and drug related offenses. Yet, there is no indication that she intends to stop drinking or using drugs as evidenced by her admission that, just days before the hearing, she had taken hydrocodone that was not prescribed to her. Mother also has a history of unstable employment and has contributed nothing to her son's support over the past two to three years. This evidence is sufficient to support the trial court's conclusion that Mother is unfit, and that her consent to the adoption was not

required.[2]  The trial court did not err in granting Paternal Grandmother's petition to adopt J.S.

[18]  Affirmed.

Kirsch, J., and Bailey, J., concur.

---

[2] In her appellate brief's summary of the argument, Mother makes a cursory statement that there is insufficient evidence that the adoption was in J.S.'s best interest.  However, because she has failed to further develop this argument and offers no authority in support of it, she has waived appellate review of it. *See A.D.S. v. Ind. Dep't of Child Servs.,* 987 N.E.2d 1150, 1156 n. 4 (Ind. Ct. App. 2013) (explaining that a parent's failure to support arguments with cogent reasoning results in waiver on appeal), *trans. denied; see also* Ind. Appellate Rule 46(A)(8) (requiring that each contention be supported by cogent reasoning with citations to authority).